Samuel Babin, J.
This is a motion by the plaintiff for summary judgment in an action for a declaratory judgment.
The plaintiff, a domestic insurance company, on or about August 27, 1959 issued a binder of automobile insurance and a statutory FS-1 form to the defendant Schultz applicable to •a 1950 Plymouth automobile. Thereafter, and on or about October 10, 1959, defendant Schultz, while operating the same automobile, was involved in an accident with another motor vehicle. The defendant Swanson, a passenger in the automobile driven by Schultz, sustained substantial bodily injuries and subsequently instituted suit against Schultz for damages.
Plaintiff, upon being notified of the suit, disclaimed liability and brought this action to rescind on the ground that the policy is null and void because of false representations made by the defendant Schultz in its procurement. The alleged false repre *209 sontatious wore contained in I lie application for insurance submitted by a broker to the plaintiff on plaintiff’s form. Statements therein indicated that the defendant Schultz was the owner of the automobile for which the insurance was sought; that he had not been involved in any accident within three years prior to the application; that he had not had his license to operate a motor vehicle suspended or revoked and that he had not been convicted of traffic violations.
Plaintiff alleges that in truth and in fact defendant Schultz did not own the automobile, that he had been involved in four accidents during the said three-year period, and that his license had been suspended upon conviction of a traffic violation; that it relied on the truth of the representations made to the contrary by the defendant Schultz, and that it would not have issued its PS-1 form and binder of insurance if it had known that the representations were false and untrue.
The defendant Schultz admits that he did have the four accidents and that his license had been suspended but denies that he made the representations as charged. Both defendants admit that at the time that the application for insurance was made the defendant Swanson was the owner of the automobile sought to be covered. Although both the defendants claim that they had intended to have the automobile transferred from Swanson to Schultz, no such transfer ever was made.
The defense offered by the defendants is twofold (1) that the binder insured the defendant Schultz against accident whether as an owner of the automobile in question or as a non-owner, and (2) that the false representations as to ownership, prior accidents, conviction for traffic violations and suspensions were made by the broker through whom Schultz ordered the policy without Schultz’ knowledge or authorization.
The denials in defendants’ answer and the arguments put forth in the affidavits in opposition to this motion raise no triable issues. The plaintiff has clearly established that the representations made by the defendant Schultz, both as to the ownership of the automobile sought to be covered and as to his driving record, were false and known by him to be false when made, that they were material and were relied upon by the plaintiff, and that the plaintiff would not have issued any policy if it had known of the falsity of the representations. The defendant Schultz applied for, and the plaintiff was ready to write, a policy covering the defendant Schultz as owner of a designated Plymouth automobile. Since concededly the defendant Schultz was not in fact the true owner of the automobile which he sought to insure, no policy could be issued to him. *210 Clearly the defendant Schultz did not apply for a “ named non-owner’s policy” and plaintiff wrote no such policy.
It is no defense to the action that the broker employed by the defendant Schultz to secure the insurance had no authority to make the representations set forth in the application submitted by him to the plaintiff. The broker was Schultz ’ agent and not the plaintiff’s for the purpose of securing the insurance and his representations were binding on the defendant Schultz.
The defendant Swanson can have no greater rights than the defendant Schultz and, therefore, acquired no rights against the plaintiff under the policy.
It follows that there is no defense to this action and that no triable issues are before the court. The motion for summary judgment must be and is granted.