VIVIAN J. ORENSTEIN, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— In an action brought by the beneficiary named in a life insurance policy to recover the principal sum payable thereunder upon the death of the insured, defendant appeals from a judgment of the Supreme Court, Nassau County, entered February 20, 1962 after a jury trial, upon a verdict directed by the court in favor of plaintiff, for $18,935.25 — which includes the amount of the policy, interest and costs. Judgment reversed on the law and a new trial granted, with costs to defendant to abide the event. We believe it was error to have directed a verdict for the plaintiff. In our opinion, the proof adduced presented issues of fact for the jury to determine. Whether the decedent's answers to questions 2(a), 3(a) and 5(f) in Part B of his application for the policy were truthful or untruthful in the light of the testimony given at the trial by the two physicians who had treated the decedent prior to such application; and whether, if the decedent's answers were untruthful, they constituted material misrepresentations as to any pre-existing heart condition, were essentially factual issues for the jury to decide (*Tolar* v. *Metropolitan Life Ins. Co.*, 297 N. Y. 441, 444). While the two physicians testified that they formulated no fixed diagnosis that decedent had any heart impairment supported by objective symptoms, one of them also stated that he had refused to rule out the possibility of coronary insufficiency, and the other admitted that he had made a tentative diagnosis of coronary impairment. Under the circumstances, the decedent's condition was fairly debatable. It was for the jury to say, therefore, whether decedent suffered from any heart ailment prior to his execution of the application, and whether his answers on the application form were designed to conceal his symptoms and the medical treatment he received by reason thereof. In addition to the foregoing, we hold that the exclusion of certain hypothetical questions regarding defendant's practices was erroneous. Under its defense of material misrepresentation, the defendant was entitled to make an evidentiary showing of its practices with respect to the acceptance or rejection of risks similar to the one in issue (Insurance Law, § 149, subd. 3). Such right was curtailed on the ground that, in the hypothetical questions which the trial court excluded, defendant posed irrelevant factors involving details which, although shown in the medical testimony, were not required to be stated in the application. In our view, such questions were germane to the defense; answers thereto should have been received; and the jury should have been allowed to determine the weight and credibility to be accorded to the answers. Upon the new trial, however, the defendant should lay the proper foundation for such questions by the introduction of documentary or other proof to buttress the opinion of its medical director to whom the hypothetical questions were addressed (see *Lindenbaum* v. *Equitable Life Assur. Soc. of U. S.*, 5 A D 2d 651, 652–653). Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.