■ In the Matter of JOSEPH DUMBLETON, Petitioner, v JAMES REED, as Director of Monroe County Department of Social Services, et al., Respondents.—Determination confirmed, without costs. Memorandum: Respondent Reed denied petitioner's application for medical assistance on the ground that his nonexempt income exceeds $650 per month (the critical limit for a man with a wife and six children: Social Services Law, § 366, subd 2, par [a]), and after a "fair hearing" respondent Lavine affirmed the denial. This article 78 proceeding to review such determination was transferred to us by Special Term, presumably because of the hearing had and findings made by

respondent Lavine. In the petition, however, the findings of fact are undisputed and only a question of law is presented. Special Term, therefore, should have decided the matter instead of transferring it to this court (CPLR 7804, subd [g]). Nevertheless, we shall entertain and determine it *(Matter of Conklin v Riley,* 41 AD2d 597; *Matter of Willow Garden Apts. v Riker,* 36 AD2d 892). The question presented is whether in computing petitioner's nonexempt income, as a basis for determining his eligibility to receive medical assistance, respondents should have excluded the monthly Federal Insurance Contributions Act (F.I.C.A.—Social Security) taxes ($42.83) which are deducted from his earnings. If such item were deductible and excluded from his income, petitioner's nonexempt income would be less than $650 per month and he would be eligible for medical assistance (Social Services Law, § 366, subd 2, par [a]). The Federal statute (US Code, tit 42 § 1396 *et seq.),* authorizing Federal grants to the States for medical assistance to the needy, requires States desiring to participate in benefits thereunder to draft and submit for the approval of the Secretary of Health a plan compatible with the Federal standards, that is, to "include reasonable standards * * * for determining eligibility for and the extent of medical assistance [and] provide for taking into account only such income and resources as are, as determined in accordance with standards prescribed by the Secretary, *available to the applicant* or recipient" (§ 1396a, subd [17]; emphasis supplied). The State of New York enacted title 11, "Medical Assistance For Needy Persons", of article 5 of the Social Services Law, particularly section 363-a, to comply with the above Federal statute, and this plan was approved by the Secretary of Health. The State plan made specific provisions concerning the assets and income of an applicant which would be deemed exempt from consideration in determining whether he was entitled to medical assistance. Section 366 (subd 2, par [a], cl [5]) thereof specifies that "income taxes" paid by an applicant shall be deducted from his earnings in considering whether his income is within the amount listed in the table in subdivision (8) thereof which allows an applicant with eight dependents, including himself, to qualify for medical assistance if his income does not exceed $650 per month, exclusive of all exemptions listed in the section. Petitioner argues with much merit that F.I.C.A. taxes deducted from his income are no more "available" to him for his support than are the amounts deducted for income taxes. Respondents answer, however, that in preparing its plan for medical assistance the Legislature fixed a maximum amount which applicant may earn, exclusive of specified exemptions, and still be eligible for medical assistance. In setting that amount the Legislature took into account other expenses which earners have, including F.I.C.A. taxes. Under the State plan such taxes are not exempt, and the Secretary of Health has approved the plan. We cannot hold that respondents are arbitrary in their interpretation of the statute. Petitioner's argument is one to be addressed to the Legislature, not to respondents or to the courts. Finally, petitioner's request that this proceeding be treated as a class action on behalf of all other such applicants is impractical; such treatment is unnecessary, and the request is without merit (see *Matter of Jones v Berman* 37 NY2d 42; *Matter of Rivera v Trimarco,* 36 NY2d 747). All concur, except Cardamone, J., who dissents and votes to annul the determination, in the following memorandum: Section 366 (subd 2, par [a]) of the Social Services Law does not list social security taxes as one of the items to be excluded in determining an applicant's eligibility for medical assistance. However, section 366 (subd 2, par [b]) of the Social Services Law provides that in determining eligibility, the department shall take into account *only the*

*income available* to the applicant in accordance with Federal standards. Petitioner logically contends that, since social security taxes withheld from his paycheck are never received by him, they are not available to him and should not have been taken into account in determining his eligibility for medical assistance. Petitioner's argument is, in my view, quite persuasive—*income withheld* as social security taxes *is not available to him.* Further, the deductions permitted by paragraph (a) of subdivision 2 should not be viewed as the only exclusions permitted by section 366 because pursuant to paragraph (b) of subdivision 2 of that section the applicant is permitted such other exclusions of income and resources as he can show are unavailable to him (see *Brown v Bates,* 363 F Supp 897, 901). Finally, it would be inconsistent with the objectives of the medical assistance program to deny public assistance to needy individuals on the ground that their net income is excessive when it is computed by including unavailable income such as social security taxes. Accordingly, I dissent and vote that the fair hearing determination be annulled and the Monroe County Department of Social Services directed to grant petitioner's application for medical assistance. (Review of determination denying medical assistance payments, transferred by order of Monroe Special Term.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.