■ BARBARA BARRETT, Respondent, v STATE MUTUAL LIFE ASSURANCE COMPANY, Appellant.—Judgment, Supreme Court, New York County, entered December 30, 1974, in favor of plaintiff, in an action brought to recover the proceeds of a policy of life insurance allegedly issued to plaintiff's deceased husband, unanimously reversed, on the law and the facts, and a new trial directed, with $60 costs and disbursements to abide the event. Plaintiff, Barbara Barrett, brought this action as the beneficiary of a life insurance policy on the life of her husband, Joseph F. Barrett (hereinafter "Barrett"), to recover the sum of $20,000 from the defendant State Mutual Life Assurance Company. On October 7, 1969, Barrett executed Part I of the application for life insurance. He there agreed that defendant would not be

liable on its policy unless the policy was delivered during his lifetime and sound health and then only if he has not consulted or been treated by any physician since the completion of Part II. On October 17, 1969, Barrett completed Part II. He there denied, *inter alia,* (1) any history of chest pains or heart disease; (2) that he contemplated an operation; and (3) that he now smokes or has smoked within the preceding 12 months. After an examination by defendant's doctor, defendant was advised that Barrett was healthy. Barrett died in May, 1970 of cancer. Defendant refused to pay the proceeds of the policy alleging material misrepresentations in Part II and that the insured's health and insurability were not the same as described in Parts I, II and the smoking statement of the application. At trial, testimony was introduced tending to show that Barrett, in 1964, suffered from some sort of coronary insufficiency, perhaps angina pectoris, and that Barrett had been hospitalized in December, 1969 for the repair of a hernia which had been diagnosed in early October, 1969. Further testimony was elicited tending to show that in 1966 there was no further evidence of heart disease and that it could not be stated with medical certainty that Barrett had heart trouble or heart disease in 1964. Under these circumstances, whether Barrett's answers on the application for the policy were truthful or untruthful and, if untruthful, whether they constituted material misrepresentation as to any preexisting hernia or heart condition, were essentially factual issues for the jury to decide. It is noted that the trial court improperly excluded evidence of defendant's underwriting practices by restricting defendant solely to the introduction of the underwriting manual (see Insurance Law, § 149, subd 3; *Orenstein v Metropolitan Life Ins. Co.,* 18 AD2d 1016). Further, the trial court erroneously charged, in effect, that an innocent misrepresentation as to the questions asked is not sufficient, but that Barrett must not only have had the conditions, he must have known he had those conditions in order to enable defendant to avoid the policy. It is well recognized that "the statutory provisions relating to misrepresentations have not changed the previous New York case law to the effect that an innocent material misrepresentation of fact is a sufficient ground of avoidance" (30 NY Jur, Insurance, § 947; see Insurance Law, § 149; *Eastern Dist. Pierce Dye Works v Travelers Ins. Co.,* 234 NY 441). Finally, defendant's contention that its first affirmative defense seeking rescission is equitable and should be tried by the court alone is without merit. "After the death of the insured in a life policy, a court of equity should not take jurisdiction of a bill to secure the cancellation of the policy for fraud practised in procuring its issuance, because the company *then* has an adequate remedy at law, in that it may set up the fraud in defense to any action brought on the policy" *(Equitable Life Assur. Soc. of U. S. v Kushman,* 276 NY 178, 182, citing Black, Rescission and Cancellation [vol 3, p 1569, § 652]) (emphasis supplied). Concur—Stevens, P. J., Murphy, Lupiano, Lane and Nunez, JJ.