Thomas J. Murphy, J.
By order to show cause with temporary restraining order and verified petition sworn to on March 2, 1977, petitioner above named seeks a judgment pursuant to CPLR article 78 for the following relief:
(a) annulling, reversing and setting aside the decision of respondent Toia dated February 4, 1977, and captioned, "In the Matter of barbara bonaccorso from a determination by the Onondaga County Department of Social Services,” and certifying petitioner and her children eligible for continued public assistance;
(b) ordering respondents Toia and Lascaris to restore to petitioner’s children all grants of public assistance to which they were and are eligible and of which they were wrongfully deprived, retroactive to the date of termination thereof, February 1, 1977.
Respondent above named requests a judgment dismissing this proceeding on the merits, or in the alternative, seeks an order transferring this proceeding to the Appellate Division, Fourth Department, pursuant to CPLR 7804 (subd [g]).
The pertinent facts are uncontroverted. Barbara Bonaccorso, the petitioner herein, was a recipient of public assistance for herself and her two children until February 1, 1977 at which time her grant was discontinued. Prior to September *616 26, 1976, she was the owner of a 1970 Datsun automobile, allegedly purchased with money she borrowed from her mother and a friend. Exhibits show that she attempted to sell the car over a period of five months. On September 26, 1976 the petitioner transferred the ownership of the car to one Roger Panebianco, one of the individuals who lent her the money in order, it is claimed, that he could attempt to sell the car and divide the proceeds with her mother. On September 30, 1976 the local Department of Social Services agency sent petitioner a letter stating that she would have to sell the car within 30 days so that the proceeds could be applied against the recipient’s needs. A notice of intent to discontinue public assistance was sent to petitioner on November 25, 1976 which was effective on December 16, 1976 stating as a reason for the discontinuance, "You had a resource, a 1970 Datsun which you failed to utilize to reduce or eliminate your need for public assistance.”
A fair hearing was held before a hearing officer on January 3, 1977 and petitioner’s assistance was continued pending final determination. Commissioner Toia, on February 4, 1977, issued a decision upholding the determination of respondent Lascaris to discontinue petitioner’s grant which stated, "The credible evidence establishes that appellant transferred ownership and possession of said automobile for no cash consideration in order to avoid disposing of same as requested by the agency.”
This determination resulted in the termination of public assistance for petitioner and her two children on February 1, 1977.
On March 14, 1977 the order to show cause was signed by the Hon. Richard Aronson, Justice of the Supreme Court, which restored petitioner’s children all grants of public assistance to which they were and are eligible retroactive to February 1, 1977. The matter was made returnable before this court on April 12, 1977 at which time arguments were presented by the respective parties. Attorneys for both sides have presented the court with statutes and opinions in support of their various positions. It appears that there are varying opinions based upon the various fact situations presented in each case.
The matter is properly before this court since the question has not been raised whether the administrative determination is, on the entire record of the hearing, supported by substantial evidence in the petitioner’s moving papers even though *617 respondent requests that alternative remedy. Only a question of law remains. (Matter of Dumbleton v Reed, 49 AD2d 687.)
After due deliberation, having considered the arguments and papers submitted for and against the parties’ respective positions, the court will grant petitioner’s judgment pursuant to CPLR article 78.
Most of the cases presented have pertained to initial determinations of eligibility while the instant case concerns a determination of continuing eligibility. In addition, there are clearly distinguishable factors present here which the court has to consider. It is clear that resources shall be so utilized as to eliminate or reduce the need for public assistance and that recipients shall generally be required to utilize available resources. (18 NYCRR 352.23 [a].) However, petitioner had no resources at the time she received notice to dispose of her car. There is no claim of fraud on her part and on the contrary, there is evidence that she actually advertised to sell her car long before the local Department of Social Services requested her to dispose of it. It is also indicated that she made the department aware of her resource on May 19, 1976 in her recertification application. The department failed to make a prompt determination of continuing eligibility. A case narrative dated November 24, 1976 stated that the social "worker spoke to her about the car but she [the petitioner] kept putting it off,” a statement made by the petitioner before September 30, 1976, and that "the worker had thought that Mrs. Bonaccorso had owned the car as of November 24, 1976.”
"Continuing eligibility for public assistance shall be established by investigation and documentation” (18 NYCRR 351.20 [a]) "and the social services district shall: * * * make appropriate collateral investigation, as required, where the recipient is unable to secure documentation of the above factors and any additional factors of eligibility as required to establish continued eligibility” (18 NYCRR 351.20 [b]).
The Department of Social Services is penalizing petitioner and her children for an alleged violation of a regulation that they neglected to investigate properly.
In Matter of Shook v Lavine (49 AD2d 238, 241), the court states: "Regulation 18 NYCRR 352.23, as a general guide, is also ineffective to serve as a basis for denying aid. Regulation 18 NYCRR 352.15(d) is relevant only insofar as it serves to show the current actual need of recipients or applicants based on presently held assets. In the cases presented here, past legal *618 ownership of assets was used as the basis for later denying assistance.” Transfer of an asset is not a sufficient ground for loss of benefits. (Matter of Wayman v Berger, 52 AD2d 738.)
Respondents rely on a recent case, Matter of Lia v Berger (57 AD2d 838), to support their position. However, in that case, the court found a strong suspicion of fraud and that the child would be properly provided for absent any award of Aid to Dependent Children, factors not present in the instant matter. Also, the decision was based solely upon the provisions of section 360 of the Social Services Law and the specific facts presented in that case. We do not find that case dispositive of this matter.
Accordingly, the decision of respondent Toia dated February 4, 1977 is set aside and the petitioner and her children are certified for continued public assistance retroactive to the date of termination thereof, February 1, 1977.