■ LAWRENCE A. PUCCIA, as Administrator of the Estate of PHYLLIS PUCCIA, Deceased, Appellant, v FARMERS AND TRADERS LIFE INSURANCE COMPANY, Respondent.—Appeal from a judgment of the Supreme Court, entered November 13, 1978 in St. Lawrence County, upon a verdict rendered at a Trial Term, in favor of defendant. Upon application of the decedent, Larry L. Puccia, the Farmers and Traders Life Insurance Company (Farmers) issued a life insurance policy in 1974 in the amount of $15,000. Thereafter, specifically on November 14, 1975, Mr. Puccia died. Farmers refused payment and decedent's wife,* sole beneficiary under the terms of the policy, commenced an action which resulted in the judgment herein appealed. Farmers' answer raised the affirmative defense of material medical misrepresentation, which, at the conclusion of the presentation of evidence, prompted the Trial Judge to submit two special interrogatories to the jury, both of which were answered in the affirmative. In substance, the jury was asked if Mr. Puccia had made a misrepresentation when he stated in his application that he had not, within the last five years, so far as he knew, consulted any physician for any reason, including routine or checkup examination. If the answer was "yes", the jury was asked to determine if the misrepresentation was material and induced Farmers to issue the policy. Since decedent had been medically treated on March 7, 1973 and July 9, 1973, the jury verdict based on its affirmative responses to the interrogatories presented must be affirmed, unless, as plaintiff urges, reversible error was committed by the trial court. We find none. While it is clear that an insurer can avoid payment on an insurance contract if the insured made material misrepresentations of fact in applying for the policy (Insurance Law, § 149), plaintiff contends that the proof offered by Farmers in support of its affirmative defense failed to establish the materiality of the alleged misrepresentation. We disagree. Farmers' vice-president testified that had his company been aware that decedent had been medically treated for pain in the arm and unsteady gait in 1973, the policy would not have been issued. It was his position, based on past practices of the company (Insurance Law, § 149, subd 3), that when an insurance applicant reveals a medical history, the company reviews the application and determines the

---

* Mrs. Puccia died after judgment was entered and Lawrence A. Puccia, administrator of her estate, was substituted as party plaintiff herein.

risk by obtaining statements from the attending physicians and by employing guidelines contained in their underwriting manual. All conclusions would be referred to Farmers' medical examiner for review and interpretation. Since decedent died of a brain tumor, it is clear that the negative response to the inquiry posed in the application deprived Farmers of freedom of choice in determining to accept or reject the risk that would have been revealed by a truthful answer (Vander Veer v Continental Cas. Co., 34 NY2d 50; Myers v Equitable Life Assur. Soc. of U. S., 60 AD2d 942; Wageman v Metropolitan Life Ins. Co., 24 AD2d 67, affd 18 NY2d 777). Next, where, as here, the materiality of an insured's misrepresentation of his medical history arguably deprives an insurer of an opportunity to inquire into such history in order to determine if it wants to underwrite any risk disclosed by such inquiry, a question of fact is raised that should, again as here, be passed upon by a jury (Myers v Equitable Life Assur. Soc. of U. S., supra; Barrett v State Mut. Life Assur. Co., 49 AD2d 856). The resultant verdict cannot be disturbed in the absence, as here, of reversible error by the court. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.