■ Susan Guzman, Respondent, v American Life Insurance Company of New York, Appellant.—In an action to recover the proceeds of a life insurance policy, the defendant American Life Insurance Company of New York appeals from (1) an order of the Supreme Court, Kings County (Hurowitz, J.), dated May 16, 1988, which granted the plaintiff's motion to dismiss the affirmative defense of material misrepresentation and for summary judgment in her favor, (2) a judgment of the same court entered June 8, 1988, which is in favor of the plaintiff and against it in the principal sum of $100,000, and (3) so much of an order of the same court, dated October 5, 1988, as, upon reargument, adhered to the original determination.

Ordered that the appeals from the order dated May 16, 1988, and from the judgment are dismissed, as that order and the judgment were superseded by the order dated October 5, 1988, made upon reargument; and it is further,

Ordered that the order dated October 5, 1988, is reversed insofar as appealed from, on the law, the order dated May 16, 1988, and the judgment are vacated and the plaintiff's motion is denied; and it is further,

Ordered that the defendant is awarded one bill of costs.

The record establishes that the plaintiff's late husband was hospitalized while he was incarcerated. It also appears that prior to his incarceration he used drugs. He failed to report this information in his application to the defendant for a life insurance policy. The defendant disclaimed coverage, asserting that his failure to disclose was material so that had it been aware of these facts it would not have issued the policy.

In order for an insurer to establish its right to rescind an insurance policy, it must establish that there were misrepresentations in the application and that they were material to the risk it was being asked to insure (see, Vander Veer v Continental Cas. Co., 34 NY2d 50; Kulikowski v Roslyn Sav. Bank, 121 AD2d 603). Ordinarily the issue of materiality is a question of fact for a jury (see, Tolar v Metropolitan Life Ins. Co., 297 NY 441; Kulikowski v Roslyn Sav. Bank, supra; Puccia v Farmers & Traders Life Ins. Co., 75 AD2d 943).

Here the defendant provided documentation of the plaintiff's decedent's hospitalization and drug use during the five-year period prior to the date of the application. Thus, the defendant has presented issues of fact which require a trial

*(see, Zuckerman v City of New York,* 49 NY2d 557; *Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252; CPLR 3212 [b]). Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.