■ VYTAUTAS VEBELIUNAS, Also Known as VITAUTAS VEBELUNAS, Doing Business as BRULET ESTATES, Appellant, v AMERICAN NATIONAL FIRE INSURANCE Co., Respondent.—In an action to recover insurance proceeds pursuant to a policy of fire insurance, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered May 5, 1988, which, upon a jury verdict in favor of the defendant, dismissed the complaint on the merits.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action after the defendant insurer refused to reimburse him for fire damage to the subject premises. The defendant proffered as an affirmative defense to payment, inter alia, that the plaintiff and/or his agent made material misrepresentations within the meaning of Insurance Law § 3105 (b) in applying for coverage. After a trial on the merits, the jury returned a verdict in favor of the defendant. We affirm.

The trial testimony reveals that the plaintiff, through his agent, informed the defendant that the subject premises previously had suffered fire damage in the amount of approximately $10,000 to $11,000 and that all damage had been repaired. However, the plaintiff's testimony at trial established the prior damage to have been approximately $230,000, and expert evidence indicated that some of the damage had not been fully repaired. An agent of the defendant to whom the misrepresentations were made testified that he would not have issued a policy binder on the subject premises had he known of the extent of the harm caused by the first fire.

Whether a misrepresentation in applying for insurance coverage is material is normally an issue of fact for the jury to determine (see, Leamy v Berkshire Life Ins. Co., 39 NY2d 271). The determinative inquiry "is whether the company has been induced to accept an application which it *might otherwise have refused*" (Geer v Union Mut. Life Ins. Co., 273 NY 261, 269; see also, Travelers Ins. Co. v Pomerantz, 246 NY 63). In view of the foregoing testimony, we find that there was sufficient evidence to create an issue of fact for the jury. Furthermore, we conclude that the jury's verdict was not against the weight of the evidence, inasmuch as the jury could have arrived at its determination based upon a fair interpretation of the evidence (see generally, Cohen v Hallmark Cards, 45 NY2d 493; *Ellinghusen v Flushing Hosp. & Med. Center*, 143 AD2d 217; *Nicastro v Park*, 113 AD2d 129). Accordingly, we perceive no basis for disturbing the jury's conclusion that the plaintiff was guilty of a material misrepresentation in applying for coverage, and the defendant therefore was not liable on the policy. Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.