■ PATRICIA A. CHASE, Respondent, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Appellant.—Order and

judgment affirmed with costs. Memorandum: An applicant for life insurance owes a duty to exercise good faith and answer questions regarding the state of his health truthfully. Answers given to the inquiries are to be construed with the greatest liberality in favor of the insured (1A Appleman, Insurance Law and Practice § 241 [rev ed]). When responding to general questions on an insurance application about a medical history, an applicant is not required to list every physical indisposition that he has ever experienced (id., at 103). Where, as here, an applicant has not been given such information by his doctor, a life insurer cannot require the applicant to answer questions about the past and present condition of his health with the skill of a trained physician (id., § 246, at 129-130). Thus, statements about health are usually considered only opinions of the insured (Bronx Sav. Bank v Weigandt, 1 NY2d 545, 549; Sommer v Guardian Life Ins. Co., 281 NY 508, 514).

Upon our review of the record, we conclude that the trial court, sitting as trier of the fact, properly found that defendant failed to meet its burden of proving a material misrepresentation on behalf of the decedent in his application for insurance. The dissenters' view that the trial court's evidentiary rulings limited defendant's proof is not supported in this record. The record reveals that the court did not preclude introduction of evidence if done in the proper manner. We find no reversible error and a new trial is not mandated to provide defendant with another opportunity to present its case properly.

All concur, except Pine and Lawton, JJ., who dissent and vote to reverse and grant a new trial, in the following memorandum.

Pine and Lawton, JJ. (dissenting). We respectfully dissent. Plaintiff does not question the fact that decedent's application for a life insurance policy contained misrepresentations (as defined by Insurance Law § 3105 [a]), but argues only that the misrepresentations were not proven to be material (see, Insurance Law § 3105 [b]). Supreme Court in a similar vein found that there was a lack of proof to sustain defendant's affirmative defense of material misrepresentation. The issue of materiality, however, was not adequately developed at trial because of the court's evidentiary rulings which limited defendant's proof. Consequently, a new trial is required.

Section 3105 (c) of the Insurance Law provides that "evidence of the practice of the insurer which made such contract with respect to the acceptance or rejection of similar risks

shall be admissible". Evidence admissible under section 3105 (c) is not limited to facts which, if known, would have led the insurer to refuse to issue the policy, but rather includes evidence to show that the misrepresentation deprived the insurer of its freedom of choice to accept or reject the risk upon full disclosure of all the facts which might reasonably affect that choice *(see, Leamy v Berkshire Life Ins. Co.,* 39 NY2d 271; *Vander Veer v Continental Cas. Co.,* 34 NY2d 50; *Geer v Union Mut. Life Ins. Co.,* 273 NY 261). Likewise, "the question of materiality is not limited to the knowledge that would have been gained by the insurer from disclosure of the particular suppressed fact alone; it extends to any information that might have been revealed had further inquiry followed the initial disclosure of the suppressed facts *(Anderson v Aetna Life Ins. Co.,* 265 NY 376; *Jenkins v John Hancock Mut. Life Ins. Co.,* 257 NY 289; see *Leamy v Berkshire Life Ins. Co.,* 39 NY2d 271, *supra; cf. Massachusetts Mut. Life Ins. Co. v Tate,* 42 NY2d 1046, revg 56 AD2d 173 on dissenting opn of HOPKINS, J.)." *(Smirlock Realty Corp. v Title Guar. Co.,* 70 AD2d 455, 463, *mod* 52 NY2d 179.) Further, under Insurance Law § 3105 (b) defendant was entitled to show that "knowledge by the insurer of the facts misrepresented *would have led to a refusal* by the insurer to make such contract" (emphasis added). Hypothetical questions based on information derived from medical testimony, even though this information was not required to be provided in the application, are permissible for such purposes *(see, Orenstein v Metropolitan Life Ins. Co.,* 18 AD2d 1016).

In this case, the court admitted evidence with respect to defendant's underwriting practices that established that had decedent truthfully answered the questions, acceptance of the application would have been postponed pending a physical examination by a doctor of the applicant's own choosing. In this case a physical was, in fact, conducted very shortly after the application was signed. The issue then for determination became whether the information disclosed at this subsequent examination, if known by defendant, would have deterred defendant from issuing the policy in question. Supreme Court, however, consistently excluded evidence which allegedly would have shown that, if defendant had been provided these facts, it would not have issued the policy. In this regard, the record establishes that Supreme Court repeatedly sustained objections based on the grounds of relevancy, which precluded the underwriter from testifying to the effect the information derived from decedent's physical examination would have had

on the decision to issue the policy. By way of example, although decedent's physician testified that decedent stated he consumed a pint of alcohol daily, and although the doctor concluded that decedent's heartburn condition that had existed for four or five months was related to alcohol consumption, the court refused to permit the underwriter to answer questions regarding what action the company would have taken "if the applicant submitted a report from his MD, indicating that alcohol consumption was a cause of the heart burn" and "if the applicant submitted a report from his MD * * * that the applicant was then drinking one pint of alcohol a day". This was error *(see,* Insurance Law § 3105 [b], [c]; *Leamy v Berkshire Life Ins. Co., supra; Smirlock Realty Corp. v Title Guar. Co., supra).* A new trial is therefore required to provide defendant an opportunity to present this evidence. (Appeal from order and judgment of Supreme Court, Onondaga County, Miller, J.—recover life insurance proceeds.) Present—Callahan, J. P., Doerr, Green, Pine and Lawton, JJ.