■ NORTH ATLANTIC LIFE INSURANCE COMPANY OF AMERICA, Appellant, v LAURA KATZ, Respondent. (Action No. 1.) LAURA KATZ, Respondent, v NORTH ATLANTIC LIFE INSURANCE COMPANY OF AMERICA, Appellant. (Action No. 2.)—In related actions (1) by the insurer the North Atlantic Life Insurance Company of America to rescind life insurance policy No. 176961 (action No. 1), and (2) by the named beneficiary to recover the face amount of that policy (action No. 2), the

North Atlantic Life Insurance Company of America appeals from an order of the Supreme Court, Nassau County (Morrison, J.), dated March 31, 1989, which denied its motions for summary judgment rescinding the policy.

Ordered that the order is reversed, on the law, with costs, the appellant's motions for summary judgment are granted, life insurance policy No. 176961 is rescinded, and, upon searching the record, the complaint in action No. 2 is dismissed.

On May 30, 1985, the respondent's decedent, Hyman Katz (hereinafter the decedent), submitted an application for a $1,000,000 life insurance policy to the North Atlantic Life Insurance Company of America (hereinafter North Atlantic). In "Part Two" of the application form, containing pertinent medical information, the decedent truthfully acknowledged, *inter alia,* that he had been treated for lymphoma in the early 1970's. The $1,000,000 policy was issued on June 25, 1985. Shortly thereafter the decedent experienced a recurrence of lymphoma necessitating, *inter alia,* chemotherapy treatment. In early July 1985, North Atlantic solicited the decedent's application for a second life insurance policy (No. 176961). Because the decedent had so recently completed the "Part Two" medical information section of the application for the first policy, he was not required to complete "Part Two" in submitting his application for the second policy. The decedent did not disclose the recurrence of the lymphoma to North Atlantic in connection with his application for the latter policy. Instead, the decedent permitted his insurance agent to rely upon the information provided by him in "Part Two" of the first application in completing the second application on the decedent's behalf. In addition, in completing the first part of the application the decedent provided a negative response to the question: "Has any person proposed for insurance * * * ever had life or health insurance declined, modified, rated or cancelled?" However, after issuing the second policy North Atlantic discovered that the decedent had obtained a $1,000,000 substandard or "rated" life insurance policy from Unity Mutual Life Insurance Company which carried higher premiums than those required for a standard policy.

An insured cannot remain silent while cognizant that his insurance application contains misleading or incorrect information *(see, Axelroad v Metropolitan Life Ins. Co.,* 267 NY 437; *Wageman v Metropolitan Life Ins. Co.,* 24 AD2d 67, *affd* 18 NY2d 777). In particular, he must notify his insurance company of nonapparent medical conditions which the com-

pany probably would consider relevant when deciding whether to issue a policy *(see,* Insurance Law § 3105; *Geer v Union Mut. Life Ins. Co.,* 273 NY 261, 269; *cf., Vebeliunas v American Natl. Fire Ins. Co.,* 156 AD2d 555). Since the second insurance policy incorporated the application form, including "Part Two", from the first application, by including it as an attachment *(see,* Insurance Law § 3204), the decedent had a duty to review the entire application and to correct any incorrect or incomplete answers *(see, Minsker v Hancock Mut. Life Ins. Co.,* 254 NY 333, 338; *see also, Zachary Trading v Northwest Mut. Life Ins. Co.,* 668 F Supp 343, 346 [SD NY]). In short, the decedent's failure to inform North Atlantic that he was suffering from a recurrence of lymphoma when he applied for the second policy constituted a material misrepresentation. The misrepresentation was material as a matter of law since it induced North Atlantic to accept an application which it might otherwise have refused *(see, Leamy v Berkshire Life Ins. Co.,* 39 NY2d 271, 274). In this regard, we note that Denise P. Powers, North Atlantic's second vice-president in charge of underwriting and policy issue, asserted that had the company known about the recurrence of the decedent's lymphoma, or that the decedent had been refused a standard policy by another insurance company, it would not have issued the contested life insurance policy. Accordingly, North Atlantic's motion for summary judgment rescinding the policy is granted. Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.