■ NEW YORK LIFE INSURANCE COMPANY, Respondent, v KARL G. PALMER, Appellant.—In an action for judgment declaring that coverage of the defendant's spouse under a group health insurance policy was properly rescinded, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered May 5, 1989, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendant, in his application for health insurance under a group policy issued to his employer, falsely answered specific questions about his wife on a health statement which was an integral part of the application. He failed to disclose her very recent medical visits to doctors with complaints that led to testing which revealed cancer. The plaintiff insurer established that had it known of the wife's ailments, it would have denied her coverage in accordance with the guidelines established in its medical manual. Whether the defendant made those representations innocently or not is not the issue, because the law is clear that material misstatements which induced the insurer to extend coverage may later be used to rescind that insurance contract (see, Insurance Law § 3105 [b]; Kulikowski v Roslyn Sav. Bank, 121 AD2d 603; Guzman v American Life Ins. Co., 156 AD2d 332). Nor can the defendant prevail on the argument that the misrepresentations are inadmissible because his wife did not personally make them or sign the health statement. The defendant, as the person insured and as his wife's agent, was the only one whose signature was required (Insurance Law § 3221 [a] [1] [A]; see, Amalgamated Mut. Cas. Co. v Schultz, 27 Misc 2d 208).

Since there are no triable issues of fact, summary judgment was correctly granted to the plaintiff *(see, Zuckerman v City of New York,* 49 NY2d 557). Brown, J. P., Harwood, Miller and Ritter, JJ., concur.