■ CYNTHIA E. NOVICK, Respondent, v HOWARD A. NOVICK, Appellant.—Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Gilbert, J. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.— Temporary Support.) Present—Callahan, J. P., Boomer, Pine, Fallon and Doerr, JJ.

■ CHRISTINE A. FRATELLO, Respondent, v SAVINGS BANKS LIFE INSURANCE FUND, Defendant, and PERMANENT SAVINGS BANK, Appellant.—Order and judgment unanimously affirmed with costs. Memorandum: Upon our review of the record, we find ample support for Supreme Court's determination that defendant Permanent Savings Bank failed to meet its burden of proving that decedent made a material misrepresentation of fact on his application for mortgage protection life insurance *(see, Chase v William Penn Life Ins. Co.,* 159 AD2d 965, *affd* 76 NY2d 999, *cert denied* — US —, 112 S Ct 61). Here, the medical proof that decedent's asymptomatic "left bundle branch blockage" did not constitute "heart trouble", a term used on defendant's insurance application, was not contradicted. Also uncontroverted was the testimony of decedent's physician who stated that he did not consider an electrocardiogram performed within the course of a routine physical examination to be a "special test". The assertion by its underwriter that defendant would not have written the policy had it known of decedent's condition is not probative on the issue of whether decedent materially misrepresented to defendant whether he had "heart trouble", especially where, as here, the decedent had not been given any information to the contrary by his own physician *(see, Chase v William Penn Life Ins. Co., supra)* and the term used on the application is ambiguous or is not otherwise defined *(see, Dave's Ice Cream Cakes v William Penn Life Ins. Co.,* 170 AD2d 1026). (Appeal from Order and Judgment of Supreme Court, Niagara County, Joslin, J.— Breach of Contract.) Present—Callahan, J. P., Boomer, Pine, Fallon and Doerr, JJ.