**ERWIN DeMARINO TRUCKING CO., Plaintiff,**

v.

**Alan Francis JACKSON and Beslyn Associates, Defendant.**

**No. 92 Civ 1821 (VLB).**

United States District Court,
S.D. New York.

Dec. 13, 1993.

Dennis E.A. Lynch, Dorfman, McCormack, Lynch & Phillips, Nyack, NY, for plaintiff.

William R. Fried, Mendes & Mount, New York, NY, for defendant Jackson.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

In this case in which jurisdiction is predicated upon diversity of citizenship, plaintiff Erwin DeMario Trucking Co. ("Trucking") seeks to collect on an insurance policy covering loss of a missing truck, issued by Lloyds of London and assigned to defendant Alan Francis Jackson (the "insurer"). Trucking has also sued the insurance agent it contacted, Beslyn Associates ("Beslyn"). Trucking and the insurer have filed cross-motions for summary judgment against each other, and Trucking seeks a default judgment against Beslyn. I grant the insurer's motion and deny those of Trucking.

### II

The operative facts, as distinct from legal inferences to be drawn from them, are undisputed. Trucking had suffered an earlier disappearance of a truck, and found it difficult to get theft insurance thereafter. Trucking's principal knew people at Beslyn and asked them to help Trucking obtain a policy. Beslyn contacted Lloyds of London, leading to issuance of a policy by the insurer. Trucking, not the insurer, brought Beslyn into the transaction.

The insurer routinely required, and received from Beslyn, an application form. The form filed on behalf of Trucking failed to disclose the prior loss although such information was requested by the form. A loss thereafter occurred, Trucking invoked the policy, and the insurer refused to pay.

### II

Where a claim is "implausible," its proponent must "come forward with more persuasive evidence to support [the] claim than would otherwise be necessary." *Matsushita Electric Industrial Co. v. Zenith,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Trucking's position is implausible and indeed contrary to ordinary experience, and is not supported by any evidence which would suggest that it could recover on the policy.

### III

■■■ Where an insurer fails to take reasonable precautions to obtain truthful information, or recruits agents who in turn misled applicants as to the necessity of truthful answers to questions on applications, this may estop the carrier from asserting nondisclosures as a defense or a basis for rescinding a policy. See generally *Kane v. Aetna Life Ins. Co.,* 893 F.2d 1283 (11th Cir.1990), *cert. denied* 498 U.S. 890, 111 S.Ct. 232, 112 L.Ed.2d 192; *Parker v. Prudential Ins. Co.,* 900 F.2d 772, 778 n. 7–8 (4th Cir.1990); Graham, "Use of Advertising Materials to Determine Insurance Coverage," 57 Defense Counsel J No 3 at 332 (July 1990); Leitner, "Enforcing the Customer's 'Reasonable Expectations' in Interpreting Insurance Contracts," 38 Federation Ins & Corp Counsel Q 379 (1988); Brennan & Hanson, "Misrepresentation in the Application as the Basis for Recission of a Property Insurance Policy," 21 Tort & Ins LJ No 3 at 451 (ABA Spring 1986).

The current case, however, involves a situation in which the insured was aware that its prior loss experience was an obstacle to coverage and chose to keep it from the insurer, thus forfeiting any claim to the policy. See N.Y.Ins.Law 3105; *Mutual Benefit Life Ins. Co. v. JMR Electronics,* 848 F.2d 30 (2d Cir.1988); *New York Life Ins. Co. v. Palmer,* 169 A.D.2d 823, 565 N.Y.S.2d 192 (2d Dept. 1991).

Prior losses are necessarily material to insurers considering whether to accept a risk

and if so at what premium. This relevance was known to Trucking, which was having difficulty getting insurance for that reason. It is well known that insurance policies require applications. Trucking therefore either deliberately avoided seeing, signing, or instructing the writer of the application, or knew specifically that it failed to disclose the prior loss. In either event it cannot collect on a policy obtained by known or foreseeable misrepresentation.

## IV

 Although Beslyn has not responded to the complaint, its personnel did testify at a deposition, and thus did not ignore its duties in connection with this lawsuit. Based on the deposition of Trucking's own personnel, the case against Beslyn appears debatable at best. Trucking was aware of the problem posed and necessarily knew the strategy of nondisclosure adopted; there is no indication in the current record that Beslyn was more at fault than Trucking, so that it would be monetarily responsible to Trucking for the loss. See *Pinter v. Dahl*, 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988); *TIAA v. Coaxial Communications*, 799 F.Supp. 16 (S.D.N.Y.1992), *later decision* 807 F.Supp. 1155 (S.D.N.Y.1992). Injunctive relief, which might be available as in *General Leaseways v. National Truck Leasing Ass'n*, 744 F.2d 588 (7th Cir.1984), would be moot at this stage.

Fed.R.Civ.P. 55(b) states that a judgment by default "may" be entered under specified circumstances, not that it must. New York law, applicable in this diversity suit, requires courts to supervise default judgments with extreme care to avoid miscarriages of justice. See generally *In re Vigilant Protective Systems*, 333 F.Supp. 1029 (S.D.N.Y.1971); Ashman, "Default Judgments: Vacation En Masse," 60 ABAJ 474 (1974); NY Civ Prac L & R 5015(c).

Under Fed.R.Civ.P. 55(b)(2), the court may require an inquest to determine what damages if any are due the applicant. The papers submitted on the motions now before me amount to an inquest, and indicate that Trucking is not entitled to damages against Beslyn based on its own submissions including deposition testimony of its personnel.

SO ORDERED.