■ HENRY C. MEAGHER et al., Appellants, v EXECUTIVE LIFE INSURANCE COMPANY OF NEW YORK, Respondent. [607 NYS2d 361] —In an action to recover the proceeds of an insurance policy on the life of the plaintiffs' deceased business partner, the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Benson, J.), entered December 19, 1990, which, upon a jury verdict answering special interrogatories in the defendant's favor, granted the defendant judgment dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The decedent applied to the defendant Executive Life Insurance Company of New York (hereinafter Executive) in October 1984 for a policy insuring his life for $2,000,000, naming his business partners, the appellants, as beneficiaries. At that time he represented, *inter alia,* in Part 2 of his application for life insurance that he had "never consulted or been treated by any physician or practitioner for, or had known indication of" a tumor. In February 1985 prior to delivery of the policy, the decedent discovered he had an intestinal tumor and underwent an operation during which the tumor was removed. Prior to March 25, 1985, when the policy was delivered and became effective, the decedent disclosed neither his tumor nor his hospitalization to the insurer.

The jury found that the contract of insurance between the decedent and the defendant insurer was procured through the failure of the decedent or the plaintiff beneficiaries to disclose material facts concerning the decedent's health, and the court accordingly directed entry of a judgment in favor of the defendant. We affirm.

Although the decedent may have believed his condition benign, failure to reveal prior hospitalizations is clearly material nondisclosure *(see, Shabashev v New York Life Ins. Co.,* 150 AD2d 673), and even innocent misrepresentations, if material, are sufficient to allow an insurer to defeat recovery under the insurance contract *(Kulikowski v Roslyn Sav. Bank,* 121 AD2d 603, 605).

In *North Atl. Life Ins. Co. v Katz* (163 AD2d 283, 284-285), we observed: "An insured cannot remain silent while cognizant that his insurance application contains misleading or incorrect information *(see, Axelroad v Metropolitan Life Ins. Co.,* 267 NY 437; *Wageman v Metropolitan Life Ins. Co.,* 24

AD2d 67, *affd* 18 NY2d 777). In particular, he must notify his insurance company of nonapparent medical conditions which the company probably would consider relevant when deciding whether to issue a policy *(see,* Insurance Law § 3105; *Geer v Union Mut. Life Ins. Co.,* 273 NY 261, 269; *cf., Vebeliunas v American Natl. Fire Ins. Co.,* 156 AD2d 555)."

Here, Elizabeth G. O'Hara, Executive Vice-President of underwriting for the defendant, asserted that had the defendant known the facts regarding the decedent's intestinal tumor, it would not have issued the insurance policy in question. Although the defendant insurer bore the burden of proving misrepresentation *(see, Guzman v American Life Ins. Co.,* 156 AD2d 332), it cannot be said that the jury could not have reached the verdict it did on any fair interpretation of the evidence *(Nicastro v Park,* 113 AD2d 129, 134).

We have considered the appellants' other contentions and find them to be without merit. Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.