■ Mary C. Legawiec, Appellant, v North American Company for Life and Health Insurance of New York, Respondent. [832 NYS2d 723]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered March 1, 2006. The order granted defendant's motion for summary judgment dismissing the amended complaint and denied plaintiff's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by denying the motion

and reinstating the amended complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to collect the proceeds of a life insurance policy issued to her husband (decedent) by defendant. The policy was issued effective August 2, 2001, and was in effect on March 22, 2003 when decedent died from non-Hodgkins lymphoma. Supreme Court erred in granting defendant's motion for summary judgment dismissing the amended complaint, and we therefore modify the order accordingly. In support of its motion, defendant asserted that decedent materially misrepresented the state of his health on the application for the life insurance policy by failing to disclose that his physician treated him for an enlarged lymph node in his neck and that the policy therefore was void from its inception (*see generally Taradena v Nationwide Mut. Ins. Co.*, 239 AD2d 876, 877 [1997]). Contrary to the court's determination, defendant failed to meet its burden of establishing as a matter of law that decedent misrepresented a material fact on the application for the life insurance policy (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The evidence submitted by defendant in support of its motion established that decedent was not advised prior to the issuance of the policy that the enlarged lymph node was possibly malignant or that it was a serious medical condition. Indeed, according to the deposition testimony of decedent's physician submitted by defendant in support of its motion, decedent's physician believed that the condition was not malignant (*see Fratello v Savings Banks Life Ins. Fund*, 186 AD2d 1061 [1992]).

In any event, even assuming, arguendo, that the failure to disclose the condition constituted a misrepresentation, we conclude that defendant failed to establish as a matter of law that the misrepresentation was material. "In order to prove that a misrepresentation is material as a matter of law, an insurer must submit evidence concerning its underwriting practices with respect to applicants with similar histories, establishing that it would have denied the application had it contained accurate information" (*Iacovangelo v Allstate Life Ins. Co. of N.Y.*, 300 AD2d 1132, 1133 [2002]; *see* Insurance Law § 3105). Here, defendant failed to submit such evidence. The affidavit of defendant's underwriting representative merely states that defendant would have "postponed" issuing the policy and awaited further tests had defendant known about decedent's treatments, but the underwriting representative does not state that defendant would have denied the application (*see Iacovangelo*, 300 AD2d at 1133; *Campese v National Grange Mut. Ins. Co.*, 259 AD2d 957, 958 [1999]).

All concur except Scudder, P.J., and Centra, J., who dissent in part and vote to affirm in the following memorandum.

Scudder, P.J., and Centra, J. (dissenting in part). We respectfully dissent in part and would affirm the order of Supreme Court that, inter alia, granted the motion of defendant for summary judgment dismissing the amended complaint. In our view, defendant met its burden of establishing as a matter of law that decedent misrepresented a material fact on his application for his life insurance policy (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "An insured cannot remain silent while cognizant that his insurance application contains misleading or incorrect information" (*North Atl. Life Ins. Co. of Am. v Katz*, 163 AD2d 283, 284 [1990]). Where an applicant for a life insurance policy knows of a possible health problem prior to the issuance of the policy, he is under an obligation to inform the insurance company of that information (*see Schmitt v North Am. Co. for Life & Health Ins. of N.Y.*, 30 AD3d 1007, 1009 [2006], *lv denied* 7 NY3d 712 [2006]; *Meagher v Executive Life Ins. Co. of N.Y.*, 200 AD2d 720, 721 [1994]; *North Atl. Life Ins. Co. of Am.*, 163 AD2d at 284-285; *Angione v Rochester Sav. Bank*, 41 AD2d 597 [1973]). Here, at the time the policy was issued to decedent on August 2, 2001, decedent had not informed defendant that he had attended five appointments with two physicians regarding his enlarged lymph nodes, that he underwent a needle biopsy, and that he was scheduled to have an excisional biopsy. Defendant submitted the affidavit of its underwriting representative who averred that, if defendant had known about the medical tests administered to decedent, defendant would have postponed issuing the policy until such time as the test results had been received and decedent's condition had been fully evaluated and definitively diagnosed. The underwriting representative further averred that, because the tests ultimately resulted in a diagnosis of lymphoma, defendant would have rejected the application and would not have issued the policy. Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.