**Harry DOUGLAS, Plaintiff,**

v.

**PROTECTIVE LIFE AND ANNUITY INSURANCE COMPANY, Defendant.**

**No. 08 Civ. 2805(VM).**

United States District Court, S.D. New York.

Feb. 9, 2010.

Richard H. Abend, Abend & Silber, PLLC, New York, NY, for plaintiff.

Mikhail Ratner, Vincent Chirico, Silverman Sclar Shin & Byrne PLLC, New York, NY, for defendant.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

At the Court's status conference on January 14, 2010 with the parties in this action, defendant Protective Life Annuity Insurance Company ("Protective") requested leave to file a motion for summary judgment. The Court directed the parties to submit letter-briefs addressing factual and legal issues raised by Protective's contention that there are no disputed issues of material fact in this action and that the Court can thus resolve the case as a matter of law. By letter dated January 21, 2010, Protective argues that it is entitled to summary judgment because Joanne Douglas ("J.Douglas"), the deceased spouse of plaintiff Harry Douglas ("Douglas"), filed an application with Protective for the underlying insurance policy in which she allegedly made material misrepresentations. The false or misleading statements Protective relies upon involve J. Douglas's failure to disclose in the forms that she suffered from several pre-exiting respiratory disorders, including chronic Obstructive Pulmonary Disorder ("COPD"), and the medications with which she was being treated for these conditions. Protective contends that had it known of J. Douglas's respiratory illnesses it would not have approved the smoker's policy she was issued, and that these material misrepresentations thus voided the policy. Protective further maintains that Douglas's argument that at the time J. Douglas filed the insurance application she did not know about the medical conditions at issue is not supported by the record and is irrelevant as a matter of law.

Douglas responded by letter dated January 31, 2010. He asserts the medical evidence on the record indicates that at no time prior to filing the policy application at issue had J. Douglas been diagnosed with or treated for the chronic illnesses in question, that her visits to doctors for medical treatment during the relevant times prior to her death were infrequent and did not involve symptoms consistent with chronic respiratory disorders, and thus that she had no knowledge of material facts that she failed to disclose.

This exchange of letter-briefs persuades the Court that genuine issues of material fact as well as substantial questions of law do remain in dispute that could be more effectively crystallized by trial evidence,

and that the Court would be better informed in assessing Protective's claim of entitlement to summary disposition with a more ample evidentiary record presented by live testimony than by motion papers. Specifically, the Court finds that substantial factual disputes exist concerning what the admissible medical record demonstrates concerning J. Douglas's illness and treatment and whether and when she knew about these matters.

The Court cannot accept as an accurate statement of the law Protective's contention that an insurance applicant's claimed lack of knowledge of a medical condition is irrelevant as a matter of law. That proposition would lead to a tautology: that because an insurance applicant has an affirmative duty to provide correct information she would be guilty of material misrepresentation by failing to disclose matters of which she is unaware, and that her asserted lack of knowledge is irrelevant. New York case law does not support such illogic. The cases Protective cites in support of its argument all involve instances in which it was clear on the record that the applicant had knowledge of the relevant condition at issue, and either failed to disclose it or falsely described it. *See Meagher v. Executive Life Ins. Co. of New York*, 200 A.D.2d 720, 607 N.Y.S.2d 361, 361–62 (App. Div.2d Dep't 1994); *New York Life Ins. v. Palmer*, 169 A.D.2d 823, 565 N.Y.S.2d 192, 193 (App. Div.2d Dep't 1991); *Tennenbaum v. Insurance Corp. of Ireland, Ltd.*, 179 A.D.2d 589, 579 N.Y.S.2d 351, 352–53 (App. Div. 1st Dep't 1992).

By contrast, here Douglas disputes both what the relevant medical records contain about J. Douglas's condition, the frequency, recency and kind of medical treatment she had received, and her knowledge of the illnesses for which she was being treated. *See Chase v. William Penn Life Ins. Co. of New York*, 159 A.D.2d 965, 552 N.Y.S.2d 772 (App. Div. 4th Dep't 1990), *affd.*, 76 N.Y.2d 999, 564 N.Y.S.2d 714, 565 N.E.2d 1265 (1990), *recon. den.*, 77 N.Y.2d 874, 568 N.Y.S.2d 916, 571 N.E.2d 86 (1991), *cert. den.*, 502 U.S. 812, 112 S.Ct. 61, 116 L.Ed.2d 37 (1991); *Legawiec v. North Am. Co. for Life and Health Ins. of New York*, 38 A.D.3d 1184, 832 N.Y.S.2d 723 (4th Dep't 2007).

The Court recognizes that it is entirely within Protective's prerogative to file a summary judgment motion. However, should such a motion be filed prior to trial, the Court would be inclined to exercise its discretion to deny it, or to reserve judgment on it pending the development of a fuller factual record at trial. *See Kennedy v. Silas Mason Co.*, 334 U.S. 249, 256, 68 S.Ct. 1031, 92 L.Ed. 1347 (1948); *Westmoreland v. CBS, Inc.*, 596 F.Supp. 1170, 1178 (S.D.N.Y.1984).

Accordingly, the parties are directed to confer and prepare, in accordance with the Court's Individual Practices, a Joint Pretrial Order and related documents to be filed within thirty days of the date of this Order in preparation for a trial of approximately three days scheduled to commence on March 29, 2010.

**SO ORDERED.**