■ JANET McGRATH, an Infant, by RACHEL M. McGRATH, Her Mother and Natural Guardian, Appellant, v GLENS·FALLS HOSPITAL et al., Respondents. — Appeal from so much of an order of the Supreme Court at Special Term, entered August 3, 1979 in Warren County, which denied a motion by plaintiff to compel defendant Kerchner to appear for a continuation of his deposition. After a joinder of issue in an action for medical malpractice, in response to a notice to take the oral depositions of defendants William S. Bronk and Cloyd C. Kerchner, examinations before trial were scheduled for August 30, 1978, by mutual agreement of the parties. On the morning of that day the defendants appeared with counsel in the Warren County Municipal Center, Lake George, New York. After taking the deposition of an employee of a third defendant, plaintiff's counsel commenced his examination of Dr. Bronk. However, the examination of Dr. Bronk was not completed and the proceedings were adjourned without date. Defendants Bronk and Kerchner again appeared for continuation of the examinations on March 14, 1979. The examination of Dr. Bronk was commenced at 10:00 A.M. and continued to 4:00 P.M. During the course of Dr. Bronk's examination, plaintiff's attorney was advised that the defendants would no longer be available for questioning after 5:00 P.M. At 4:00 P.M., plaintiff's attorney commenced the examination of defendant Kerchner. After an hour of questioning, the examination was terminated and plaintiff's attorney was advised that the doctor would not be produced for further questioning without a court order. Defendants' counsel contends that, at no time prior to March 14, 1979, the date of the second examination of defendant Bronk, did plaintiff's counsel advise him that it would not be necessary for him to produce defendant Kerchner on that date. Plaintiff's attorney denies this statement and contends that defendant Kerchner was present throughout the depositions of the other witnesses at his own election. This, of course, has an important bearing on the issue of whether plaintiff's attorney abused his right to disclosure by not completing his examination of the defendants in a reasonable amount of time. Special Term, in denying plaintiff's motion for a further examination before trial of the defendant Kerchner, failed to write a decision setting forth its reasons for doing so, leaving us to speculate as to the excuse accepted by the court. In our view, plaintiff's rights were jeopardized by the procedure followed by Special Term. The defendant should have been required to follow the statutory procedures and move for a protective order at the point in time when he felt that plaintiff's counsel unreasonably detained him at the place of the deposition. Furthermore, during the examination of the defendant Kerchner, defendant's counsel instructed his client more than 50

times not to answer questions. These unanswered questions should also have been raised before Special Term. Finally, plaintiff's counsel contends that it was by his own election and that of his attorney that defendant Kerchner elected to remain present during the depositions of Dr. Bronk and the other witness. All of these matters should have been determined by Special Term prior to the exercise of its discretion. It is our conclusion, therefore, that in the interests of justice, the order appealed from should be reversed. Order reversed, on the law, without costs, and examination of defendant Kerchner directed to be continued. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.