■ CHARLES L. BLOOM et al., Respondents, v MUTUAL OF OMAHA INSURANCE COMPANY et al., Appellants.—Mercure, J. Appeals (1) from an order of the Supreme Court (Ellison, J.), entered May 24, 1989 in Tompkins County, which denied defendant Fred Miller's motion for a protective order, and (2) from an order of said court, entered May 24, 1989 in Tompkins County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiffs, Charles L. Bloom (hereinafter plaintiff) and Bernice Bloom, brought this action alleging causes of action sounding in breach of contract, fraud, negligence, prima facie tort, "bad faith" tort and intentional infliction of emotional distress to recover money damages resulting from the failure of defendant Mutual of Omaha Insurance Company (hereinafter Omaha) to pay benefits pursuant to a policy of accident and health insurance issued to plaintiff in 1985. Defendant Fred Miller, an insurance agent for Omaha, prepared and processed the application. While the policy was in effect, plaintiff was hospitalized and treated for hydrocephalus, a condition covered by the policy. After plaintiff submitted a claim for medical expenses, Omaha advised him that it had canceled the policy and was refunding the premiums paid due to plaintiff's failure to disclose a history of Von Recklinghausen's disease and Weber-Christian disease. It is plaintiffs' position that they fully disclosed plaintiff's medical history to Miller, who left relevant information off the application, representing to plaintiffs that Omaha only required information concerning medical conditions which had caused problems within the previous five years, and that plaintiff's claim for benefits does not arise out of any condition related to Von Recklinghausen's disease or Weber-Christian disease. Miller cross-claimed against Omaha for indemnity upon the theory that his actions were taken in furtherance of Omaha's interests and performed within the scope of his authority as Omaha's agent.

Following joinder of issue and discovery, Omaha moved for

summary judgment dismissing the complaint and cross claim and Miller moved for summary judgment dismissing the complaint against him. Miller also moved for a protective order vacating certain items of a notice to produce dated March 24, 1989 and a notice for discovery and inspection dated March 31, 1989. All motions were summarily denied by Supreme Court without opinion.* Defendants appeal.

We turn our attention first to Miller's motion for a protective order. In our view, the demands of the March 24, 1989 notice to produce numbered 2 (seeking substantially all of Miller's business financial records), 9 and 12 (seeking Miller's personal appointment books, notes and records with respect to all business dealings for a four-year period), and 16 (seeking information concerning Miller's pension plan with Omaha), and the demand of the March 31, 1989 notice for discovery and inspection numbered 15 (seeking names and addresses of other of Miller's insurance clients) constitute, at best, a fishing expedition and, at worst, a purposeful effort to burden and harass. Plaintiffs opposed the motion for a protective order in part upon the ground that the material is relevant to the issue of whether Miller is Omaha's employee. Notably, there is nothing in the record which indicates or even intimates that Miller was an employee of Omaha. Rather, the uncontradicted evidence is that Miller is Omaha's insurance agent *(see,* Insurance Law § 2101 [a] [1]).

In the demand numbered 7 of the March 24, 1989 notice, plaintiffs seek evidence of other occasions where policies sold by Miller had been retroactively canceled. In our view, this material is relevant to the claim that Omaha should have been aware of Miller's alleged history of filing incorrect or fraudulent applications. However, the demand is overbroad and should be modified by (1) limiting it to health insurance policies processed by Miller which were retroactively canceled due to failure to disclose relevant medical information, and (2) permitting nondisclosure of the identity of the insured *(see, Matter of Comstock,* 21 AD2d 843).

We turn now to the motions for summary judgment. Contrary to Supreme Court's apparent determination, it is our

---

* We note that in cases, such as this, where Supreme Court does not discharge its responsibility by issuing a written memorandum *(see, Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.,* 152 AD2d 62, 65; *Dworetsky v Dworetsky,* 152 AD2d 895, 896; *Flax v Standard Sec. Life Ins. Co.,* 150 AD2d 894, 896; *McGrath v Glens Falls Hosp.,* 78 AD2d 929), we are deprived of the benefit of its analysis and are forced, in effect, to take on the issues as a court of first instance, thereby perverting our appellate function.

view that defendants came forward with uncontradicted evidence sufficient to resolve many factual issues and to provide a basis for a grant of partial summary judgment with respect to a number of the causes of action pleaded in the complaint. First, it is undisputed that plaintiff had at least consulted with physicians in connection with Von Recklinghausen's disease, Weber-Christian disease and stomach and genital conditions, and that these disorders were not disclosed in response to appropriate questions on the application. Accordingly, we find that plaintiff's application contained misrepresentations. Plaintiff's assertion that Omaha is estopped from denying coverage based upon the fact that Miller was informed of plaintiff's true medical history and falsely completed the application is unavailing. "[W]here the insurer's agent fills out the application for the insured, inserts false answers as to material facts, and the insured signs the application, he adopts the statements as those of his own agent, and in this regard the agent must be considered as the agent of the insured and not the agent of the insurer" (68 NY Jur 2d, Insurance, § 366, at 456; *see, Simon v Government Employees Life Ins. Co.,* 79 AD2d 705; *Equitable Life Assur. Socy. v O'Neil,* 67 AD2d 883, 884).

However, a factual issue remains as to whether plaintiff's misrepresentations were material, so as to defeat plaintiff's recovery under the policy *(see,* Insurance Law § 3105 [b]; *Process Plants Corp. v Beneficial Natl. Life Ins. Co.,* 53 AD2d 214, 216, *affd* 42 NY2d 928). We do not agree with Omaha's representation that its underwriting manual would have prohibited issuance of the policy to one suffering from Von Recklinghausen's disease, also referred to as neurofibroma, neuroma or neurofibromatosis, a benign tumor of the nerve sheath. The manual provides that in the case of "[s]ingle, subcutaneous, removed with recovery", the policy is to be issued without exception at standard rates. In the case of "[u]noperated, no complications", the policy is to be issued at standard rates, but with that disease excepted from the policy's coverage. It is only in the case of "[a]ll others" that the policy is not to be issued. On this record, we cannot determine which classification encompasses plaintiff's condition. In fact, evidence has been presented which makes it unclear whether plaintiff ever did suffer from the disease. Accordingly, the first cause of action of plaintiffs' complaint, alleging Omaha's breach of the insurance contract, will withstand the motion. Further, the evidence that Omaha trained and exercised a degree of control over Miller sufficiently supports the third

cause of action, sounding in negligence. In our view, however, Supreme Court should have granted partial summary judgment dismissing the second (fraud), fourth (prima facie tort), fifth (bad-faith tort) and sixth (intentional infliction of emotional distress) causes of action against Omaha. As earlier stated, Miller's fraud, if established, will not be imputed to Omaha and plaintiff's conceded misrepresentations provided a good-faith basis for Omaha's refusal to pay on the policy. Similarly, Supreme Court should have dismissed the fourth and sixth causes of action against Miller. There is no evidence that he was motivated by " 'disinterested malevolence' " *(see, Curiano v Suozzi,* 63 NY2d 113, 117) and his conduct was not sufficiently egregious as to justify a claim for emotional injury *(see, Bruno v Home Mut. Ins. Co.,* 91 AD2d 1169).

Defendants' remaining contentions have been considered and found to lack merit.

Order denying defendant Fred Miller's motion for a protective order modified, on the law, with costs to said defendant, by reversing so much thereof as denied the motion with respect to the demands of the March 24, 1989 notice to produce numbered 2, 7, 9, 12 and 16 and the demand of the March 31, 1989 notice for discovery and inspection numbered 15; motion granted vacating the demands of the March 24, 1989 notice to produce numbered 2, 9, 12 and 16 and the demand of the March 31, 1989 notice for discovery and inspection numbered 15 and modifying the demand of the March 24, 1989 notice to produce numbered 7 by (1) limiting it to health insurance policies processed by Miller which were retroactively canceled due to failure to disclose relevant medical information, and (2) permitting nondisclosure of the identity of the insured; and, as so modified, affirmed.

Order denying defendants' motions for summary judgment modified, on the law, with one bill of costs, by reversing so much thereof as denied the motions with respect to the second, fourth, fifth and sixth causes of action against defendant Mutual of Omaha Insurance Company and the fourth and sixth causes of action against defendant Fred Miller; motion granted regarding said causes of action and said causes of action dismissed against said defendants; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.