■ PHYLLIS DIGRAZIA, Individually and as Executrix of

THOMAS DIGRAZIA, Deceased, Appellant, v UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered on February 15, 1990, which, *inter alia,* denied plaintiff's motion for partial summary judgment as against the defendants and granted the defendants' respective cross-motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Order of the same court and same Justice, entered on September 26, 1990, which, *inter alia,* granted plaintiff's motion for reargument, and, upon reargument, adhered to the court's prior determination dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Phyllis DiGrazia, individually and as Executrix of her late husband's estate, seeks to recover the face amount of certain life and health insurance benefits under group life insurance policies issued by defendants United States Life Insurance Company in the City of New York ("US Life"), Phoenix Mutual Life Insurance Company and First Investors Life Insurance Company.

The IAS court properly determined that defendant US Life was entitled to rescission of its life insurance policy issued to the decedent, and that the defendants were entitled to dismissal of the complaint, as a matter of law. The record reveals that the insurance application contained a material misrepresentation on the part of the insured with regard to his past medical history and treatment for hepatitis; that the decedent, with full knowledge of his illness, voluntarily signed the application attesting to the fact that he had no such disorder, and that defendant US Life established that if it had been advised of the true facts of the decedent's medical condition, the application would have been rejected *(Friedman v Prudential Life Ins. Co.,* 589 F Supp 1017, 1022; *Vander Veer v Continental Cas. Co.,* 34 NY2d 50, 52; Insurance Law § 3105 [b]).

Similarly, the IAS court properly rejected plaintiff's contention that rescission of the US Life insurance policy was caused by the negligence of his insurance broker, defendant Ronald Geffner, or that defendant US Life should be estopped from asserting misrepresentation as a ground for rescinding the insurance policy due to the decedent's alleged reliance upon the advice and assurances of defendant Geffner in completing the life insurance policy application, particularly where the policy contained a clear and unambiguous limitation on the

authority of the agent to bind coverage and/or modify or waive any requirements or provisions of the policy *(Wageman v Metropolitan Life Ins. Co.,* 18 NY2d 777; Insurance Law § 3221 [a] [2]).

Equally devoid of merit is plaintiff's contention that defendants Geffner and the New York corporation of which he was president, defendant R.L.G. Associates, Inc., carelessly and recklessly advised the decedent to surrender a life insurance policy from First Investors Life Insurance Company on October 21, 1982, during a lapse in coverage, where there is clear and uncontroverted proof, in the form of a letter from First Investors, dated July 31, 1984, and the plaintiff's own deposition testimony, that neither defendants Geffner nor R.L.G. Associates knew of the existence of that policy, or had advised the decedent to cancel or permit the policy to lapse.

We have considered the plaintiff's remaining contentions, and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.