■ WILMA FERRIS, Respondent-Appellant, v COLUMBIAN MUTUAL INSURANCE COMPANY, Appellant-Respondent.—Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff is the widow of Donald Ferris, who died of a cancer-related infection on February 13, 1989. At the time of his death, Ferris had life insurance coverage under a policy issued by defendant on October 7, 1987. On his policy application form, Ferris had responded negatively to questions whether he had consulted a physician within the past 10 years for chest pains and whether he had an "EKG" within the previous five years. Ferris also authorized defendant's access to his medical records.

Plaintiff, the beneficiary of the life insurance policy, submitted a claim for the policy benefits of $56,000. Because Ferris had died within the two year contestability period of the policy, a claims adjustor employed by defendant commissioned an investigation of Ferris' medical history. That investigation revealed that Ferris had complained to his physician of chest discomfort in January 1980 and November 1982. These had been diagnosed as heartburn and a pulled muscle. Ferris also had an electrocardiogram (EKG) performed in November 1982. An underwriter employed by defendant concluded that the EKG results were abnormal, and the claims adjustor determined that the policy should be rescinded on the ground that Ferris' failure to report the visits to his physician and the EKG constituted material misrepresentations.

Plaintiff then commenced this action to compel payment of the insurance benefits. In its answer, defendant asserted six affirmative defenses, including failure to state a cause of action and that rescission of the insurance policy was proper, based upon Ferris' material misrepresentations. Supreme Court denied the parties' respective motions for summary judgment.

Although Supreme Court found that Ferris made misrepresentations in his application with respect to the 1980 and 1982 medical consultations and the 1982 EKG, the issue is whether those misrepresentations were material. Unless knowledge of the misrepresentations by the insurer would have led it to refuse to issue the insurance, the misrepresentation will not be deemed material (Insurance Law § 3105 [b]). As a general rule, the question whether misrepresentations are material is a question of fact *(Geer v Union Mut. Life Ins. Co.,* 273 NY 261, 266; *see, Roth v American Intl. Life Assur. Co.,* 163 AD2d 378; *Botway v American Intl. Life Assur. Co.,* 151 AD2d 288, 290). Therefore, to prevail on its motion for summary judgment, defendant was required to establish that Ferris' inaccurate statements were material. "To demonstrate materiality as a matter of law, an insurer need only show that the misrepresentation ' "substantially thwarts the purpose for which the information is demanded and *induces action which the insurance company might otherwise not have taken"* ' *(Geer v Union Mut. Life Ins. Co., [supra,* at] 271)" *(Aguilar v United States Life Ins. Co.,* 162 AD2d 209, 210-211).

Defendant failed to meet its burden. At most, defendant established that, had Ferris' answers been accurate, the issuance of the policy would have been postponed pending further investigation. That decision, moreover, was based upon the

belief of its underwriter that the 1982 EKG was abnormal. Defendant's failure to offer any competent medical proof of abnormality, together with the affidavit of Ferris' physician that the EKG was normal, raises a triable issue regarding the materiality of that misrepresentation. The conclusory statements of the underwriter, standing alone, do not establish, as a matter of law, that defendant would have rejected Ferris' policy application if it had received accurate information *(see, Wittner v IDS Ins. Co.,* 96 AD2d 1053; *Di Pippo v Prudential Ins. Co.,* 88 AD2d 631). Moreover, although Ferris had made complaints of chest discomfort, he was at no time diagnosed as having cardiac problems. "[A]n applicant may hardly be expected to remember each occasion upon which he sought medical advice for a trivial ailment that passed away leaving no permanent effect" *(Geer v Union Mut. Life Ins. Co., supra,* at 267). Defendant's motion for summary judgment was properly denied.

Plaintiff's cross motion for summary judgment was also properly denied, except with respect to the third affirmative defense. Affirmative defenses first, second and fourth through sixth all relate to the inaccurate answers in Ferris' application. As already noted, there is a question of fact concerning the materiality of those inaccuracies, and plaintiff did not establish, as a matter of law, that they were immaterial.

Plaintiff is, however, entitled to partial summary judgment dismissing the third affirmative defense, which asserts that the complaint fails to state a cause of action. It is undisputed that the life insurance policy was in effect at the time of Ferris' death. Thus, plaintiff is entitled to recover the life insurance benefits unless defendant establishes one of its affirmative defenses. (Appeals from Order of Supreme Court, Wyoming County, Dadd, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Lawton, Boehm and Fallon, JJ.