■ JOSEPHINE CUTRONE, Respondent, v AMERICAN GENERAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant. [606 NYS2d

491] —Order unanimously affirmed with costs. Memorandum: We agree with defendant that the alleged misconduct of its agent in completing the application of the insured for reinstatement of his life insurance policy does not defeat defendant's right to rescind the policy. Because the policy contains a clear and unambiguous limitation on the authority of the agent to bind coverage or to modify or waive any provision in the policy, defendant is not estopped from asserting its right to disclaim coverage based on material misrepresentations in the application *(see, Axelroad v Metropolitan Life Ins. Co.,* 267 NY 437; *DiGrazia v United States Life Ins. Co.,* 170 AD2d 246, 247-248; *Shabashev v New York Life Ins. Co.,* 150 AD2d 673).

Summary judgment was properly denied, however, because defendant failed to meet its burden of establishing the materiality of the misrepresentations in the reinstatement application "sufficiently to warrant the court as a matter of law in directing judgment" in its favor (CPLR 3212 [b]; *see, Iselin & Co. v Mann Judd Landau,* 71 NY2d 420, 425). To meet that burden, defendant was required to adduce proof concerning its underwriting practices with respect to applicants with similar conditions *(see,* Insurance Law § 3105 [c]; *Sonkin Assocs. v Columbian Mut. Life Ins. Co.,* 150 AD2d 764, 765), establishing that it would have rejected the application if the information had been truthful *(see, Sonkin Assocs. v Columbian Mut. Life Ins. Co., supra; Di Pippo v Prudential Ins. Co.,* 88 AD2d 631). The evidence submitted by defendant concerning its underwriting practices is conclusory in nature and fails to establish, as a matter of law, that it would have rejected the application if the insured had provided accurate information *(see, Botway v American Intl. Assur. Co.,* 151 AD2d 288; *Wittner v IDS Ins. Co.,* 96 AD2d 1053; *Di Pippo v Prudential Ins. Co., supra).* Therefore, the materiality of the misrepresentations in the application presents a question of fact for a jury *(see, Leamy v Berkshire Life Ins. Co.,* 39 NY2d 271, 274; *Aguilar v United States Life Ins. Co.,* 162 AD2d 209, 210). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ.