■ GLADYS L. McDANIELS, Appellant, v AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Respondent. (Appeal No. 1.) [643 NYS2d 464] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.

■ GLADYS L. McDANIELS, Appellant, v AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Respondent. (Appeal No. 2.) [643 NYS2d 846] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this action to recover insurance benefits under a mortgagor's disability insurance policy, plaintiff contends that one question on the policy application was not printed in ten-point type as required by Insurance Law § 3102

(c) (1) (E), and therefore, defendant may not rely on that question to disclaim coverage. Under the circumstances of this case, we disagree. First, plaintiff responded to the question in issue. At no time has she either alleged or shown that she was unable to read or understand the question because of the size of the type. Thus, she was not prejudiced by defendant's technical non-compliance with Insurance Law § 3102 (c) (1) (E). Second, we conclude that defendant's technical non-compliance with that subdivision neither defeats defendant's right to disclaim coverage based upon plaintiff's alleged misrepresentations nor operates to relieve plaintiff of her duty to provide truthful information on her application (*see, Equitable Life Assur. Socy. v Kaplan*, 168 Misc 24, *affd* 258 App Div 1038; *see also, National Union Fire Ins. Co. v Ambassador Group*, 157 AD2d 293, *lv dismissed* 77 NY2d 873). In our view, the thrust of the statutory requirement regarding print size in an insurance policy or an application for insurance is to insure that conditions, exceptions or other restrictive provisions that materially influence the rights and liabilities of an insured are clearly set out by print size that have that effect in the manner prescribed by the statute. We conclude that the printed question on the application herein did not materially influence the rights and liabilities of plaintiff, who at that time was only a prospective insured.

Supreme Court erred, however, in granting defendant's motion for summary judgment dismissing the complaint. Defendant failed to meet its burden of establishing as a matter of law that plaintiff made misrepresentations that were material on her application for mortgage disability insurance regarding a prior heart disease or disorder (*see, Ferris v Columbian Mut. Ins. Co.*, 190 AD2d 1061, 1062; *see also, Geer v Union Mut. Life Ins. Co.*, 273 NY 261, 266, *rearg denied* 274 NY 569). Defendant submitted an affidavit of its manager of direct mail operations, who asserted that she is familiar with defendant's underwriting practices and that defendant would have either rejected plaintiff's application or issued an exclusion endorsement covering heart disease or heart disorder if it had received accurate information. That conclusory statement is insufficient, standing alone, to establish defendant's entitlement to judgment (*see, Gibbons v John Hancock Mut. Life Ins. Co.* [appeal No. 2], 227 AD2d 963 [decided herewith]; *Ferris v Columbian Mut. Ins. Co., supra*, at 1063). Moreover, although a physician's report from plaintiff's 1985 hospitalization states an "impression" of heart disease, plaintiff was not hospitalized or diagnosed for heart problems. Rather, she was hospitalized for and diagnosed as having back injuries. (Appeal from Order of

Supreme Court, Erie County, Mintz, J.—Renewal.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.