■ PHILADELPHIA INDEMNITY INSURANCE COMPANY, Respondent-Appellant, v MENDON PONDS TENNIS CLUB, INC., et al., Appellants-Respondents, et al., Defendants. [687 NYS2d 511] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Supreme Court erred in failing to grant in its entirety the motion of plaintiff for summary judgment declaring that it had no duty to indemnify Mendon Ponds Tennis Club, Inc. (Tennis Club), Roger Wootton and Laura Wootton (collectively defendants) for property damage pursuant to a policy of commercial property liability insurance. The record establishes that the Woottons, who are officers and shareholders of the Tennis Club, made misrepresentations concerning the extent of prior insurance claims on the policy application. Plaintiff submitted "proof of its underwriting practices with respect to applicants with similar histories" (*Church of Transfiguration v New Hampshire Ins. Co.*, 207 AD2d 1039), establishing as a matter of law that the misrepresentations were material (*cf., Jones v Paul Revere Life Ins. Co.*, 238 AD2d 884; *Ferris v Columbian Mut. Ins. Co.*, 190 AD2d 1061, 1062-1063). Therefore, we modify the judgment, grant in its entirety the motion and grant judgment in favor of plaintiff declaring that plaintiff had no duty to indemnify defendants for property damage that occurred in July 1995. In light of our determination, it is unnecessary to reach the issues raised on defendants' appeal. (Appeals from Judgment of Supreme Court, Monroe County, Stander, J.—Declaratory Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.