■ FRANK CAMPESE et al., Appellants, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Respondent. [689 NYS2d 313] —Order and judgment unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Frank Campese (plaintiff) applied for a homeowner

insurance policy with defendant, indicating on the application that he never had any insurance cancelled and that he had no insurance loss history. Shortly after defendant issued a policy to plaintiff, plaintiffs' home was damaged by fire and wind. Defendant denied plaintiff's claim under the policy, contending that plaintiff had made material misrepresentations on the application for insurance.

Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint seeking damages for breach of the insurance policy. The court properly determined that plaintiff was chargeable with knowledge of the misrepresentations in the application for insurance. The court erred, however, in determining that the misrepresentations were material as a matter of law. To meet its burden, defendant had to submit proof concerning its underwriting practices with respect to applicants with similar circumstances, establishing that it would have denied the application had it contained accurate information (*see,* Insurance Law § 3105; *Cutrone v American Gen. Life Ins. Co.,* 199 AD2d 1032, 1033; *Sonkin Assocs. v Columbian Mut. Life Ins. Co.,* 150 AD2d 764, 765). Defendant established only that such an application would have triggered a review by an underwriter, not that the application would have been denied. The conclusory statement of the underwriter is insufficient to establish as a matter of law that defendant would have rejected the application (*see, McDaniels v American Bankers Ins. Co.* [appeal No. 2], 227 AD2d 951, 952; *Ferris v Columbian Mut. Ins. Co.,* 190 AD2d 1061, 1063; *cf., Philadelphia Indem. Ins. Co. v Mendon Ponds Tennis Club,* 259 AD2d 957 [decided herewith]).

We therefore reverse the order and judgment, deny defendant's motion and reinstate the complaint. (Appeal from Order and Judgment of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.