■ BERNADETTE JUDGE et al., Appellants, v TRAVELERS INSURANCE COMPANY et al., Respondents. [692 NYS2d 288] —Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of defendant Travelers Insurance Company (Travelers) and the cross motion of defendant Como Park Agency, Inc. (Como Park) for summary judgment dismissing the complaint and denied the cross motion of plaintiffs for partial summary judgment on the cause of action to reform the insurance contract between plaintiff Bernadette Judge and Travelers. Plaintiffs sought to include plaintiff Kevin P. Judge, Bernadette's son, as a named insured on the policy for rental property in the City of Buffalo that was damaged by fire on May 28, 1992. Kevin acquired the property in 1984 and purchased insurance from Travelers through Como Park. Beginning in 1987, Bernadette, who had power of attorney for her son, managed the property because he was incarcerated in Texas. With his consent, the subject property was transferred to Bernadette in 1988. In 1990 Como Park contacted Bernadette and, upon ascertaining that she was the titled owner, advised her that she would be named as the insured on the policy for the premises. On May 27, 1992, Bernadette conveyed the premises to Kevin but did not advise Como Park to amend the policy to name Kevin as the insured. The building sustained fire damage the next day. Travelers denied coverage on the grounds that Kevin, the titled owner, was not a named insured and Bernadette, the named insured, had no insurable interest in the property.

After a hearing on the issue of reformation of the contract, the court properly concluded that plaintiffs failed to establish by clear and convincing evidence that there was a mutual mistake or a unilateral mistake induced by fraud in connection with Como Park's modification of the contract to name Bernadette as the insured (see, Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219-220; Town of German Flats v Aetna Cas. & Sur. Co., 174 AD2d 1003, 1004, lv denied 78 NY2d 860). Moreover, the proof at the hearing established that Bernadette conveyed the property to Kevin to include it as an asset in Kevin's bankruptcy proceeding commenced two days after the fire, in order to shield the property from imminent foreclosure proceedings. Thus, the court also properly concluded

that plaintiffs were not entitled to equitable relief because they came to the court with unclean hands (*see, Pecorella v Greater Buffalo Press,* 107 AD2d 1064, 1065).

Contrary to plaintiffs' contention, there is no indication that Bernadette had any pecuniary interest in the property (*see,* Insurance Law § 3401; *Scarola v Insurance Co.,* 31 NY2d 411, 413). Thus, the court properly determined that Bernadette did not have an insurable interest in the property by virtue of her management duties (*cf., Cross v National Fire Ins. Co.,* 132 NY 133).

Finally, Bernadette admitted at the hearing that she knew that it was necessary to advise Como Park that she had transferred the property back to Kevin but had failed to do so. Thus, the court properly granted Como Park's cross motion for summary judgment, determining that plaintiffs' contention that Como Park was negligent in failing to name both plaintiffs as insureds was incredible as a matter of law (*see generally, Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441). (Appeal from Order and Judgment of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.