■ MARY J. BOYD, Appellant, v ALLSTATE LIFE INSURANCE COMPANY OF NEW YORK, Respondent. [700 NYS2d 332] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted defendant's motion for summary judgment and declared void and unenforceable a life insurance policy issued to plaintiff's husband (decedent) in December 1992. Plaintiff commenced this action to collect the death benefits after decedent died on July 24, 1993. Defendant counterclaimed for recission pursuant to Insurance Law § 3105 based on material misrepresentations on the insurance application. In support of its motion, defendant presented the requisite "documentation concerning its underwriting practices" establishing that it would have denied the application had it contained accurate information concerning decedent's alcoholism (*Carpinone v Mutual of Omaha Ins. Co.*, 265 AD2d 752, 754; cf., *Campese v National Grange Mut. Ins. Co.*, 259 AD2d 957; *Feldman v Friedman*, 241 AD2d 433, 434). In response, plaintiff failed to raise an issue of fact with respect to the application of defendant's alcoholism guidelines.

Plaintiff contends that decedent was advised by the agent who completed the application not to disclose the condition. By signing the application, however, decedent declared "that all answers written on this Application are full and correct" and acknowledged that defendant "is not presumed to know any information not in this application" and that no agent "may change this Application or waive a right or requirement" (see, *Wageman v Metropolitan Life Ins. Co.*, 24 AD2d 67, 69, affd 18

NY2d 777; *see also, Cutrone v American Gen. Life Ins. Co.,* 199 AD2d 1032, 1033; *DiGrazia v United States Life Ins. Co.,* 170 AD2d 246, 247-248; *Bloom v Mutual of Omaha Ins. Co.,* 161 AD2d 1047, 1049).

We reject the contention of plaintiff that an estoppel defense may be premised upon proof that, after decedent's death, defendant accepted two premium payments automatically deducted from a joint bank account (*cf., Scalia v Equitable Life Assur. Socy.,* 251 AD2d 315). The continued deduction of the premium payments following decedent's death was an error that was promptly corrected by defendant.

The court properly declared the rights of the parties but erred in dismissing the complaint (*see, Tumminello v Tumminello,* 204 AD2d 1067). We modify the judgment, therefore, by vacating the provision dismissing the complaint. (Appeal from Judgment of Supreme Court, Niagara County, Joslin, J.— Declaratory Judgment.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.