■ STATE FARM INSURANCE COMPANY, as Subrogee of SALVATORE SAMMARTINO, Plaintiff, v DAVID LOFSTAD, Defendant and Third-Party Plaintiff-Respondent. CONTINENTAL INSURANCE Co., Third-Party Defendant-Appellant. [717 NYS2d 287] —In a subrogation action, in effect, to recover the benefits paid to Salvatore Sammartino pursuant to a policy of insurance, the third-party defendant appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated September 10, 1999, which denied its motion pursuant to CPLR 3211 to dismiss the third-party complaint and granted the cross motion of the defendant third-party plaintiff for summary judgment on the third-party complaint.

Ordered that the order is reversed, on the law, with costs,

the motion is granted, the cross motion is denied, and the third-party complaint is dismissed.

The defendant third-party plaintiff David Lofstad (hereinafter Lofstad) obtained a policy of insurance from the third-party defendant Continental Insurance Co. (hereinafter Continental). The term of the policy was from August 26, 1994, to August 25, 1995. On December 20, 1995, after the term had expired, Lofstad struck a vehicle owned and operated by Salvatore Sammartino. The plaintiff, as subrogee of Sammartino, commenced an action, in effect, to recover the benefits that it paid pursuant to a policy of insurance, and Lofstad commenced a third-party action to compel Continental to defend and indemnify him.

Continental established that, after Lofstad failed to pay his premiums, it properly terminated his policy of insurance under Vehicle and Traffic Law § 313 by mailing him a notice of termination and transmitting similar notice to the Department of Motor Vehicles (hereinafter the DMV). In response, Lofstad failed to raise an issue of fact that the notice of termination was insufficient. While the notice of termination to the DMV contained the wrong vehicle identification number, Lofstad was responsible for the error since he supplied the number to Continental on an application for insurance that he had signed, attesting to its accuracy (*see, DiGrazia v United States Life Ins. Co.*, 170 AD2d 246, 247; *Bloom v Mutual of Omaha Ins. Co.*, 161 AD2d 1047, 1049). An innocent misleading of another party may estop one from claiming the benefits of his or her deception (*see, Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.*, 151 AD2d 207, 211). Mangano, P. J., Luciano, Feuerstein and Schmidt, JJ., concur.