OPINION OF THE COURT
Dennis F. Bender, J.
The plaintiff in these actions sued the defendant for breach and reformation of an insurance contract. He now moves for *895 partial summary judgment pursuant to CPLR 3212 on the issue of liability. The defendant cross-moves for summary judgment, asking this Court to rule as a matter of law that the insurance company has no liability towards plaintiff, either in his capacity as executor of the estate of Doris Pratz, or in his capacity as administrator of the estate of Charles Pratz. Plaintiff James Pratz was the brother of Charles Pratz, who is the decedent named in the first captioned action. Doris V. Pratz, the decedent named in the second captioned action, was their mother. Oral argument was presented on January 23, 2001.
In July of 1994, Mrs. Pratz took out a renewable homeowner’s policy of coverage on premises located at 2708 Route 96 South, Town of Fayette. She renewed the policy in 1995 and in 1996. Mrs. Pratz was the named insured in the policy but Charles, who resided on a full-time basis in her home, was also considered an insured under the policy.
On December 12, 1996, Mrs. Pratz died. By her will she bequeathed and devised her entire estate to her two sons.
On February 4, 1997, James was appointed executor of Mrs. Pratz’ estate. According to his affidavit, he and Charles discussed division of their mother’s real estate, and it was agreed that Charles would receive title to the subject premises. Because of this understanding, when the insurance renewal notice was received in July 1997, Charles paid the premium due from his own personal funds. Neither he nor James informed the insurance company of Mrs. Pratz’ death.
On September 22, 1997, James, as executor of Mrs. Pratz’ estate, deeded the subject premises to Charles.
On January 5, 1998, there was a total loss of the premises due to fire. Charles also died in the blaze. By letter dated April 24, 1998 to James, as the fiduciary for both Charles’ and Mrs. Pratz’ estates, the defendant advised that coverage was denied. After the date of transfer to Charles, Mrs. Pratz’ estate had no insurable interest, it said, and their records showed no policy being issued to Charles Pratz, thus affording coverage.
In its complaint, the plaintiff demands judgment against the defendant as follows:
A. For the estate of Charles R. Pratz, contract damages in the sum of $130,000 plus interest at 9% from January 5, 1998.
B. In the alternative, for the estate of Charles R. Pratz, granting reformation of defendant’s policy to reflect and state that Charles R. Pratz was the insured with reference to the premises in question on January 5, 1998.
*896 C. For the estate of Doris V. Pratz, contract damages in the sum of $40,000 plus interest at 9% for the personal contents coverage in the house.
D. In the alternative, for the estate of Doris V. Pratz, granting reformation of defendant’s policy to reflect and state that the estate of Doris V. Pratz was the insured with reference to the contents in question on January 5, 1998.
The plaintiff first requests that the subject policy be reformed as to the loss of the house itself and the premises (excluding the personal contents) to name Charles, deceased, as the named insured in lieu of Mrs. Pratz.
He does not dispute that Charles and James Pratz failed to notify the insurance company that their mother had died, and that the property had been transferred by James Pratz as executor of Mrs. Pratz’ estate to Charles. There is also no dispute that the insurance policy in question was still in the name of Mrs. Pratz at the time of the fire in January of 1998.
It is settled law that “Reformation is not granted for the purpose of alleviating a hard or oppressive bargain, but rather to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties * * * It follows that a petitioning party has to show in no uncertain terms, not only that mistake or fraud exist, but exactly what was really agreed upon between the parties.” (Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219 [1978].)
Fraud is not an issue here. Is there a question regarding mistake and what exactly was agreed upon?
In Union Sta. Rest. v North Am. Co. for Prop. & Cas. Ins. (59 AD2d 270, 275-276 [4th Dept 1977]), the Appellate Division stated:
“Prima facie, when it is established that, through innocent mistake of an applicant for insurance, the nature of the ownership of the property to be insured, whether individual or corporate, is misdescribed, the error is mutual for purposes of reformation, even though the insurer is not aware of the error * * * Without proof of concealment by plaintiff or its broker with the intent to deceive defendants, or proof that defendants, for good and sufficient reason, would not have accepted the risk, plaintiff would be entitled to reformation on the showing of mistake by both parties in the description of the owner in the policies * * * There was *897 lacking in this record sufficient proof that defendants would not have issued the policies if they had known of the corporate ownership” (quoting Court Tobacco Stores v Great E. Ins. Co., 43 AD2d 561).
Further,
“[t]he name of the insured in the policy is not always important if the intent to cover the risk is clear. [Citations omitted.] Moreover, since defendants did not assert any reason for opposing the reformation of the insurance contract to include the additional insureds, they have no reason to deny plaintiffs coverage as coinsured. [Citation omitted.] Having accepted plaintiffs’ premium payment, having intended to insure the very property it insured, and having asserted no reason for denying the assumption of risk in question, there is no justification for denying plaintiffs the equitable remedy of reformation.” (Crivella v Transit Cas. Co., 116 AD2d 1007, 1008 [4th Dept 1986].)*
In this case, mistake has been established on the part of Messrs. Pratz, which remains unrefuted by the defendant.
There has further been no showing to this Court of intentional concealment by the plaintiff, and it is equally evident that coverage of the subject property was intended.
The defendant does argue that had they known of the transfer of the property to Charles Pratz, they would have refused to insure him. By affidavit by Wayne V. Rice, former president of the defendant company, the defendant states,
“From my employment, I also knew of Charles who was known as an alcoholic who smoked and was only sporadically employed. I knew he had been charged with driving while intoxicated. I simply would not have accepted this risk based upon my personal knowledge of Charles Pratz had I been given an opportunity to review an application by Charles Pratz. This is especially so since this policy did not merely insure the residence against fire, but also provided personal liability coverage up to *898 $500,000.00.”
Mr. Rice’s affidavit is at best, disingenuous.
“Generally, a conclusory statement by an insurance company employee that the company would not have insured the applicant if it had known his or her true medical history is, in and of itself, insufficient to establish that a misrepresentation was material. Documentation, such as the insurance company’s underwriting manuals, rules or bulletins, which pertain to insuring similar risks, should be submitted. [Citations omitted.]” (Wittner v IDS Ins. Co., 96 AD2d 1053 [2d Dept 1983]; see also Philadelphia Indem. Ins. Co. v Mendon Ponds Tennis Club, 259 AD2d 957 [4th Dept 1999]; Cutrone v American Gen. Life Ins. Co., 199 AD2d 1032 [4th Dept 1993].)
Here the defendant provided none for the apparent reason it could not. Through discovery, the plaintiff sought “all written policies, rules, directives, guidelines, manuals or any other such writings which Defendant, its employees or its agents used during 1996 through 1998, to determine whether to grant or deny an individual’s application for fire loss insurance or to train or instruct Defendant’s employees or agents regarding the same.” All materials provided were presented in the plaintiff’s motion papers as exhibit V. None show any procedures for screening out alcoholics, smokers, or “sporadically unemployed” applicants. “[T]he unsubstantiated, and plainly self-serving, [affidavit of Mr. Rice] who state [s] that had the company been fully informed of the facts, it would not have issued the policy” (Olezeski v Finger Lakes-Seneca Coop. Ins. Co., 218 AD2d 841, 842 [3d Dept 1995]) is simply inadequate to raise a question of fact. Further, as pointed out by counsel for plaintiff, the insurance company had already been insuring Charles, when he was a resident of the household of Doris Pratz, under the terms of the insurance policy contract. The “defense” is belied by the defendant’s actions.
Based on the foregoing, the Court finds reformation to be appropriate.
The Court notes this determination is made after consideration of the Judge v Travelers Ins. Co. case cited by counsel for the defendant (262 AD2d 983 [4th Dept 1999]). Such is distinguishable for two reasons.
First, in Judge, the mother was the titled owner to the property when the insurance policy was issued to her. Here, Mrs. *899 Pratz had died at the time of policy renewal. Also, in the Judge case, the applicants had unclean hands which is not the case here. Klapan v Dryden Mut. Ins. Co. (267 AD2d 1010 [4th Dept 1999]) is also distinguishable, because the titled owner was alive at the time of policy renewal. Therefore, there was no mistake warranting reformation.
Had this been a transfer by the executor to a disinterested third party, clearly the insurance policy could not be reformed to name that transferee as an insured under a policy renewal. (Galante v Hathaway Bakeries, 6 AD2d 142, 149 [4th Dept 1958].) There would be no.equitable basis for reformation. On the particular facts of this case, however, because the defendant was already insuring Charles Pratz under the Doris Pratz policy and because he was a beneficiary of that policy as devisee under the estate of Doris Pratz, it appears, “as a matter of fairness and equity,” that reformation should be, and hereby is, granted. (Reed v Federal Ins. Co., 71 NY2d 581, 588 [1988].) Charles was clearly not a “third party * * * to whom [defendant] owe[d] no duty under the insurance policy.” (Firemen’s Ins. Co. v Wheeler, 165 AD2d 141, 144 [3d Dept 1991].)
This Court finds that the first affirmative defense raised by the defendant, that the plaintiff is not the real party in interest and that he lacked standing to maintain this action, is dismissed, for the reasons set forth in the memorandum of law submitted by the plaintiff. The ninth affirmative defense is dismissed for the same reason.
The third and fourth affirmative defenses are dismissed due to the withdrawal of same by the defendant.
The fifth affirmative defense, that plaintiff has failed to comply with the requirements of the policy by failing to supply a duly executed proof of loss, is dismissed, in light of the denial of coverage by the insurance carrier (Matter of State Farm Ins. Co. v Domotor, 266 AD2d 219, 220 [2d Dept 1999]), and due to the failure of the defendant to supply a form for the proof of loss pursuant to Insurance Law § 3407. Further, the defendant solely disclaimed liability on the ground of lack of insurable interest, so the defendant is estopped from raising that defense.
The sixth affirmative defense as far as the estate of Charles Pratz is concerned and the claim for coverage for the real property is dismissed.
The eighth affirmative defense, that the insurance coverage was cancelled by plaintiffs acceptance of the insurance premium refund, is dismissed. The defendant is estopped *900 from asserting this disclaimer of coverage, since its letter denying coverage cited the sole reason for denial was that Doris V. Pratz lacked an insurable interest in the property. Further, the plaintiff indicates he simply turned over the partial refund to his attorney, upon receiving the defendant’s denial of coverage letter.
The seventh, tenth, and eleventh affirmative defenses are dismissed for reasons stated above.
As to the personal contents at the time of the loss, this Court has found that the insurance policy should be reformed to name Charles R Pratz as the beneficiary. Without contravention, the plaintiff asserts that the personal contents of the house had not yet been transferred by the estate to the two sons. Therefore, Charles Pratz’ insurable interest in the personal property was limited to one half of its value. Accordingly, the plaintiff’s claim must be as administrator for the estate of Charles Pratz against the defendant for the personal property loss, and must be so limited. It is not reasonable to grant a “partial reformation.” Although the estate of Doris Pratz had an insurable interest in the other half of the personal contents of the house, the plaintiff, as executor of her estate, did not make arrangements to maintain insurance of such contents, after transferring the house to his brother. The fact the estate had an insurable interest is not sufficient to confer any benefit on it under a policy extending coverage on behalf of Charles Pratz. (See Etterle v Excelsior Ins. Co., 74 AD2d 436 [4th Dept 1980].)
Partial summary judgment is granted to the plaintiff, as administrator for the estate of Charles R Pratz, as to liability by defendant for the loss of the real estate and one half of the value of the personal contents in the house.

 See also, 2 Couch on Insurance, § 27:30, Wrong Person Named as Insured (3d ed). “Reformation of a fire policy is available where the policy names a former deceased owner, rather than the devisee of the property, as the insured.” (Id.) Further see Miller v Phoenix Ins. Co. (191 Minn 586 [1934]) and Bright v Hanover Ins. Co. (237 So 2d 7 [Fla Dist Ct App, 2d Dist 1970]).