Denise Iacovangelo, Respondent, v Allstate Life Insurance Company of New York, Inc., et al., Appellants. [750 NYS2d 920] —Appeal from an order of Supreme Court, Wayne County (Kehoe, J.), entered February 21, 2002, which, inter alia, denied defendants' cross motion for summary judgment seeking, inter alia, dismissal of the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant Allstate Life Insurance Company of New York, Inc. (Allstate) and its agent, defendant Rocco Distaffen, Jr., appeal from an order of Supreme Court, which denied their cross motion for summary judgment seeking rescission of an insurance contract that Allstate issued to plaintiff's decedent and dismissal of the complaint. Contrary to the contention of defendants, they failed to establish as a matter of law that decedent made a material factual misrepresentation in his application for the insurance contract at issue. Whether a misrepresentation in an application for insurance constitutes a material misrepresentation that would allow an insurer to avoid the resulting insurance contract is generally a question of fact (*see* Insurance Law § 3105; *Ferris v Columbian Mut. Ins. Co.*, 190 AD2d 1061, 1062). If the evidence is "clear and substantially uncontradicted," however, a court may determine the question as a matter of law (*Carpinone v Mutual of Omaha Ins. Co.*, 265 AD2d 752, 754). In order to prove that a misrepresentation is material as a matter of law, an insurer must submit evidence concerning its underwriting practices with respect to applicants with similar histories, establishing that it would have denied the application had it contained accurate information (*see Church of Transfiguration v New Hampshire Ins. Co.*, 207 AD2d 1039; *see also Campese v National Grange Mut. Ins. Co.*, 259 AD2d 957, 958; *Cutrone v American Gen. Life Ins. Co. of N.Y.*, 199 AD2d 1032, 1033). Here, the affidavit of Allstate's staff medical consultant, submitted in support of defendants' cross motion, was conclusory and insufficient to establish defendants' entitlement to judgment as a matter of law (*see Campese*, 259 AD2d at 958; *Cutrone*, 199 AD2d at 1033; *cf. Boyd v Allstate Life Ins. Co. of N.Y.*, 267 AD2d 1038). Although the affidavit was supported by Allstate's underwriting guidelines, the guidelines concerning tumors of the respiratory system and mediastinum are not probative because there is no evidence in the record that decedent made material misrepresentations with respect to those conditions. In addition, Allstate's underwriting guidelines concerning chest pain established only that an application by decedent disclosing his history of chest pain "would have triggered a review by an underwriter, not that the application would have been denied" (*Campese*, 259 AD2d at 958). Because defendants failed to meet their initial burden of establishing entitlement to judgment as a matter of law, the court properly denied their cross motion for summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Present—Hayes, J.P., Wisner, Hurlbutt, Scudder and Gorski, JJ.