■ BX THIRD AVENUE PARTNERS, LLC, Appellant, v FIDELITY
NATIONAL TITLE INSURANCE COMPANY, Respondent, et al., De-
fendant. [977 NYS2d 9]—

Order, Supreme Court, Bronx County (Julia Rodriguez, J.),
entered January 8, 2013, which, to the extent appealed from as
limited by the briefs, denied plaintiff's motion for summary
judgment against defendant Fidelity National Title Insurance
Company on plaintiff's breach of contract claim, and denied
plaintiff's motion for summary judgment dismissing Fidelity's
first and second counterclaims, unanimously modified, on the
law, to grant plaintiff's motion to dismiss the counterclaims, de-
clare that Fidelity cannot avoid liability under the policy by
virtue of its insured's alleged misrepresentation, and otherwise
affirmed, without costs.

The court properly denied plaintiff's motion for summary
judgment on the issue of Fidelity's liability under the subject
title insurance policy. Plaintiff's only evidence of the value of
the subject property, an unsworn appraisal, was insufficient to
establish the value of the title (and, as a result, the extent of de-
fendant's liability) within the meaning of the policy.

Nor did plaintiff establish, as a matter of law, that Fidelity is
estopped from disclaiming title insurance coverage after provid-
ing a full defense for plaintiff in the underlying foreclosure ac-
tion (*see Federated Dept. Stores, Inc. v Twin City Fire Ins. Co.*,
28 AD3d 32, 36 [1st Dept 2006]). Issues of fact exist as to
whether plaintiff's managing member made a material misrep-
resentation inducing Fidelity to issue the policy, and whether
Fidelity discovered the alleged misrepresentation when it
conducted a coverage investigation after the conclusion of the
foreclosure action. In any event, plaintiff did not establish that
it was prejudiced by Fidelity's allegedly belated disclaimer. Thus,
whether Fidelity is estopped from disclaiming coverage must be
left to the trier of fact (*see 206-208 Main St. Assoc., Inc. v Arch
Ins. Co.*, 106 AD3d 403, 407-408 [1st Dept 2013]).

The motion court erred, however, in denying plaintiff's mo-
tion to dismiss Fidelity's counterclaims for a declaration and for
the costs of defending the foreclosure action. Fidelity failed to
raise a triable issue of fact as to whether plaintiff's alleged mis-
representation was material within the meaning of section 3105

(b) (1) of the Insurance Law. Indeed, in response to the motion, Fidelity failed to submit any evidence whatsoever concerning its underwriting practices, as was necessary to defeat the motion (*see Campese v National Grange Mut. Ins. Co.*, 259 AD2d 957 [4th Dept 1999]). Fidelity having failed to demonstrate that it would not have issued the title policy to plaintiff had the affidavit not represented "[t]here are not tenants" on the premises, plaintiff was entitled to dismissal of the counterclaims and a declaration that Fidelity cannot avoid liability under the policy by virtue of its insured's alleged misrepresentation.

We note, further, that Fidelity undertook the defense of the foreclosure action without a reservation of rights. Fidelity is therefore precluded from recouping defense costs from its own insured (*see Allstate Ins. Co. v Oles*, 838 F Supp 46, 55 [ED NY 1993]; *see generally* 1 Barry R. Ostrager & Thomas R. Newman, Handbook on Insurance Coverage Disputes § 5.07 [16th ed 2013]). Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels and Clark, JJ.