Kearse v Allstate Veh. & Prop. Ins. Co. (2025 NY Slip Op 02475)

Kearse v Allstate Veh. & Prop. Ins. Co.

2025 NY Slip Op 02475

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

247 CA 24-00256

[*1]SINCERRAY KEARSE, PLAINTIFF-APPELLANT,
v
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, DEFENDANT-RESPONDENT. 

WOODS OVIATT GILMAN LLP, ROCHESTER (ROBERT D. HOOKS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
COOKE DOYLE LLC, BUFFALO (JESSE J. COOKE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (James A. Vazzana, J.), entered January 19, 2024. The order granted the motion of defendant for summary judgment seeking, inter alia, dismissal of the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this breach of contract action alleging that defendant was required pursuant to the terms of its insurance contract with plaintiff to pay for damage to plaintiff's property caused by a fire. Supreme Court granted defendant's motion for summary judgment seeking, inter alia, dismissal of the complaint on the ground that plaintiff made material factual misrepresentations in her application for the insurance contract at issue. We agree with plaintiff on appeal that, under the facts of this case, the court erred in granting the motion. We therefore reverse.
"Whether a misrepresentation in an application for insurance constitutes a material misrepresentation that would allow an insurer to avoid the resulting insurance contract is generally a question of fact" (Iacovangelo v Allstate Life Ins. Co. of N.Y. , 300 AD2d 1132, 1133 [4th Dept 2002]; see generally Insurance Law § 3105). Here, the underwriting guidelines on which defendant relied in support of its motion do not unequivocally support the conclusion that plaintiff's application would have been denied had it contained accurate information, and the supporting affidavit of defendant's representative contained insufficient further detail to support that conclusion as a matter of law (see Iacovangelo , 300 AD2d at 1133; Carpinone v Mutual of Omaha Ins. Co. , 265 AD2d 752, 755 [3d Dept 1999]). Inasmuch as defendant failed to meet its initial burden, we need not review the sufficiency of plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr ., 64 NY2d 851, 853 [1985]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court